424 A.2d 1254

**COMMONWEALTH of Pennsylvania,**

v.

**Ricky COLLINS, Appellant.**

Supreme Court of Pennsylvania.

Argued Oct. 15, 1980.

Decided Jan. 30, 1981.

Stanley M. Shingles, Philadelphia, for appellant.

Robert B. Lawler, Chief, Appeals Div., Asst. Dist. Atty., Jane C. Greenspan, Asst. Dist. Atty., for appellee.

Before O'BRIEN, C. J., and ROBERTS, NIX, LARSEN, FLAHERTY and KAUFFMAN, JJ.

## OPINION

PER CURIAM.

On November 17, 1970, appellant Ricky Collins pled guilty to murder and other related offenses. On December 1, 1971,

appellant was sentenced by Judge McDermott of the Court of Common Pleas of Philadelphia County to concurrent probationary periods of 10 years on the murder charge and two of the related offenses (burglary and aggravated robbery). Sentence was suspended on the remaining charges.

In April 1975, while on probation, appellant was arrested and indicted for theft and resisting arrest. Appellant was adjudged guilty only for the theft charge. Thereafter on November 25, 1975, appellant was arrested for rape and related charges. On December 11, 1975, appellant was sentenced to 23 months imprisonment for the theft charge.

Subsequently, appellant was tried on the rape charge and, although convicted, was granted a new trial following post-verdict motions. On March 1, 1977, he was again tried and found guilty on the rape and related crimes and was sentenced on May 27, 1977 to two concurrent 5 to 10 year terms of imprisonment for these offenses.

On January 27, 1976, appellant was first brought before Judge McDermott for a violation of probation hearing. At the time, the matter was continued, pending the outcome of the rape case. This continuance was agreed to by both sides. On April 12, 1977, following verdict in the rape case, a second continuance was agreed to until the imposition of sentence. Finally, on November 9, 1977, the probation violation hearing was held. The probation initially entered for the murder charge was revoked and appellant was sentenced to 5 to 10 years imprisonment under that indictment. Probation on the other charges before Judge McDermott was continued.

Appellant now raises several objections to the violation of probation proceeding. He contends that there was inadequate notice given to him; that he was denied the right to confront adverse witnesses; that he was denied a speedy revocation hearing; and that the sentencing process failed to comport with due process.

A review of the record of the counselled revocation proceeding before Judge McDermott reflects that these objec-

tions were not raised during that proceeding. The failure to interpose these objections at any time in the court below precludes their consideration on appeal. *Commonwealth v. Clair*, 458 Pa. 418, 326 A.2d 272 (1974).

Accordingly, the order of the court below is affirmed.