J-S44037-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| WILLIAM RUSSELL REDSHAW | |
| Appellant | No. 316 WDA 2014 |

Appeal from the Judgment of Sentence March 20, 2012
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0014179-2003

BEFORE:  BENDER, P.J.E., LAZARUS, J., and OTT, J.

MEMORANDUM BY OTT, J.:                    **FILED DECEMBER 18, 2014**

William Russell Redshaw appeals *nunc pro tunc* from the judgment of sentence imposed March 20, 2012, in the Allegheny County Court of Common Pleas following the revocation of his probation for sexual assault.[1] The trial court imposed a sentence of 18 to 30 months' incarceration. Contemporaneous with this appeal, Redshaw's counsel has filed a petition to withdraw from representation and an **Anders** brief.  **See Anders v. California**, 386 U.S. 738 (1967); **Commonwealth v. McClendon**, 434 A.2d 1185 (Pa. 1981).  The **Anders** brief identifies three issues, a challenge to the evidence supporting the revocation of his probation, a challenge to a search conducted by Redshaw's probation officer, and a challenge to the

---

[1] 18 Pa.C.S. § 3124.1.

discretionary aspects of Redshaw's probation violation sentence. For the reasons set forth below, we affirm the judgment of sentence and grant counsel's petition to withdraw.

The facts and procedural history underlying this appeal are as follows. On May 18, 2005, Redshaw entered negotiated guilty pleas in three separate cases. In the instant case, Docket No. 200314179, Redsaw pled guilty to sexual assault, aggravated indecent assault, sexual abuse of a child, criminal coercion and corruption of minors[2] for the sexual assault of his ex-girlfriend's 15-year-old sister.[3] He also pled guilty to, *inter alia*, unlawful restraint, at Docket No. 200313363, and simple assault, at Docket No. 200400836, for incidents involving his ex-girlfriend and her 17-month old child.[4] In exchange for the pleas, the Commonwealth withdrew a charge of involuntary

_____

[2] 18 Pa.C.S. §§ 3124.1, 3125(a)(1), 6312(b), 2906, and 6301, respectively.

[3] According to the affidavit of probable cause, on February 8, 2003, the victim, then 15 years old, and her sister visited Redshaw's home, where he supplied the victim with beer and marijuana. He then directed the victim to take off her clothes, and he proceeded to sexually assault her in front of her sister, while photographing the entire incident. Both the victim and her sister stated they were afraid to protest because Redshaw had physically abused the sister in the past. *See* Affidavit of Probable Cause, 8/25/2003, at 1.

[4] The charges at Docket No. 200313363 arose from two incidents in August of 2003, when Redshaw physically assaulted the victim's sister and refused to allow her to leave his home. The charges at Docket No. 200400836, originated after Redshaw repeatedly slapped the sister's 17-month old daughter on April 27, 2003. *See* N.T., 5/18/2005, at 7-11.

deviate sexual intercourse[5] at Docket No. 200314179, and agreed to a negotiated sentence of two and one-half to five years' imprisonment for the charge of sexual assault, with a probationary term left to the discretion of the trial court. The parties also agreed that any sentence imposed on the other cases would be concurrent. *See* N.T., 5/18/2005, at 2-3. The trial court accepted Redshaw's pleas and imposed the negotiated two and one-half to five year sentence, plus a consecutive term of three years' probation. No direct appeal was filed.[6]

On August 11, 2011, Redshaw was arrested for technical violations of his probation, specifically, for failing to report to his probation officer and for failing to comply with sex offender treatment.[7] On November 10, 2011, Redshaw appeared for a probation violation hearing. Redshaw's probation officer testified that his "overall adjustment was mediocre to poor" and recommended either a new period of supervision or a state sentence. N.T., 11/10/2011, at 3. Counsel for Redshaw argued, however, that during his

_____

[5] 18 Pa.C.S. § 3123(a)(7).

[6] On August 9, 2005, Redshaw filed a petition for collateral relief pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 954-9546, claiming the Commonwealth suppressed evidence that the victim consented to the sexual assault, and plea counsel was ineffective for failing to pursue this evidence. Although counsel was appointed and filed a motion for discovery, Redshaw subsequently withdrew his PCRA petition on January 26, 2006.

[7] Redshaw had remained incarcerated for the maximum five-year term, and his probationary sentence was due to expire two weeks later, on August 26, 2011.

three-year probationary period, Redshaw was detained for more than 14 months because he had trouble finding appropriate housing.[8] He also claimed that Redshaw did not "quit going to treatment," but rather, was discharged after it was discovered he had a cell phone with internet access, and had viewed prohibited internet sites. *Id*. at 5. Counsel stated another reason for Redshaw's discharge from treatment was his possession of a letter which contained a description of a female that a parole agent viewed as pornographic.[9] *Id.* at 6. As for Redshaw's failure to report, counsel asserted Redshaw called to tell his probation officer he was on his way in, but was told by the officer's supervisor that the officer was not in, and that Redshaw should wait for a call to report. However, before he was told to report to the probation office, Redshaw was arrested. *Id.* at 7. The trial court ordered a PSI, and continued the hearing until February 14, 2012.

At the February 14, 2012, hearing, a representative from the state probation and parole board recommended Redshaw receive a sentence of

_____

[8] Redshaw's presentence investigation report ("PSI") indicated that although he was initially released on August 26, 2008, after serving his five-year maximum sentence, he was detained the next day because he did not have an approved home plan. PSI, 2/9/2012, at 2. He was released again on January 15, 2009, only to be arrested on May 14, 2009, after threatening his former employer, acknowledging he was experiencing "homicidal fantasies," and displaying "erratic and threatening behavior" to his home provider. *Id.* He was once again released on July 19, 2010.

[9] In this appeal, Redshaw claims the parole agent illegally forced him to open that sealed letter.

incarceration, while Redshaw's defense attorney requested he be placed with Justice Related Services ("JRS").[10] A representative from JRS explained they had formulated a plan to place Redshaw in a "three-quarter-way house," so that JRS could supervise his treatment and ensure he was taking any required medication. N.T., 2/14/2014, at 3-5. Redshaw acknowledged that he has an "obsession with pornography" and explained that one of the reasons he violated his probation was because his brother was murdered during the period he was released. *Id.* at 7, 11. The trial court continued the hearing until March so that it could review the PSI.

The final violation hearing was held on March 20, 2012. Again, the state probation and parole board recommended a state period of incarceration, so that Reshaw could be supervised by state parole when he is eligible for release. N.T., 3/20/2012, at 2. Defense counsel again requested that Redshaw be supervised by JRS, especially since the revocation was based on only technical violations. *Id.* at 3. Redshaw testified that his "biggest problem is [his] addiction to pornography," and requested county probation with sex offender treatment. *Id.* at 4-5. He also noted that "the things [he] did while [he] was on probation are perfectly legal," and asked the court to consider the fact that he only had two weeks left of his probationary term when he was arrested. *Id.* at 9, 10. After

---

[10] JRS is a county program that assists inmates in reintegrating into society. *See* http://www.alleghenycounty.us/dhs/justicerelatedservices.aspx.

considering all the testimony, as well as the PSI, the trial court imposed a probation violation sentence of 18 to 36 months' incarceration, with credit for time served.

Although no direct appeal was filed, on July 20, 2012, Redshaw filed a *pro se* PCRA petition challenging counsel's ineffectiveness for failing to file an appeal from his violation sentence, and arguing his probation officer violated his right to privacy by forcing him to open a piece of mail. On July 24, 2012, the PCRA court notified Redshaw of its intention to dismiss the petition without first conducting an evidentiary hearing pursuant to Pa.R.Crim.P. 907. Thereafter, on August 20, 2012, the PCRA court dismissed the petition as untimely filed.[11]

Redshaw filed a *pro se* appeal to this Court.[12] In an unpublished memorandum decision, a panel of this Court concluded that Redshaw's July 20, 2012, PCRA petition should have been deemed a first PCRA petition so that Redshaw was entitled to the assistance of counsel. Accordingly, we reversed the order denying PCRA relief, and remanded for the appointment

---

[11] The PCRA court mistakenly believed Redshaw was appealing the sentence imposed on May 18, 2004, rather than the probation revocation sentence imposed on March 20, 2012. **See** PCRA Court Opinion, 1/23/2013.

[12] By order entered April 9, 2013, the PCRA court denied Redshaw's petition for appointment of counsel.

of counsel. ***See Commonwealth v. Redshaw***, 83 A.3d 1068 (Pa. Super. 2013) (unpublished memorandum).

Counsel was appointed and filed an amended PCRA petition asserting prior counsel's ineffectiveness for failing to file a direct appeal. Thereafter, the Commonwealth filed an answer, conceding Redshaw was entitled to relief. By order entered February 5, 2014, the PCRA court granted Redshaw's PCRA petition, and reinstated his direct appeal rights from his probation violation sentence, *nunc pro tunc*. On February 11, 2014, Redshaw filed a motion to reconsider his probation violation sentence, which the trial court denied on February 14, 2014. This timely appeal followed.[13]

When counsel files a petition to withdraw and accompanying ***Anders*** brief, we must first examine the request to withdraw before addressing any of the substantive issues raised on appeal. ***Commonwealth v. Goodwin***, 928 A.2d 287, 290 (Pa. Super. 2007). Here, our review of the record reveals counsel has complied with the requirements for withdrawal outlined in ***Anders***, ***supra***, and its progeny. Specifically, counsel filed a petition for leave to withdraw, in which he states his belief that the appeal is frivolous, filed an ***Anders*** brief pursuant to the dictates of ***Commonwealth v. Santiago***, 978 A.2d 349, 361 (Pa. 2009), furnished a copy of the ***Anders***

_____

[13] On February 28, 2014, the trial court directed Redshaw to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Redshaw complied with the court's directive, and filed a concise statement on March 10, 2014.

brief to Redshaw and advised Redshaw of his right to retain new counsel or proceed *pro se*. **Commonwealth v. Ferguson**, 761 A.2d 613, 616 (Pa. Super. 2000). Moreover, our review of the record reveals no additional correspondence from Redshaw. Accordingly, we will proceed to examine the record and make an independent determination of whether the appeal is wholly frivolous.

The first issue identified in the **Anders** brief challenges the sufficiency of the evidence supporting the violation of Redshaw's probation. During the violation hearings, Redshaw argued he had only two weeks left on his probationary sentence when he was arrested, he committed only technical violations of his probation, and his conduct was otherwise legal, but for the restrictions placed upon him as a probationer.

In an appeal from a probation revocation sentence, our review is limited to a consideration of the validity of the revocation proceedings, and the legality and discretionary aspects of the sentence imposed following revocation. **Commonwealth v. Cartrette**, 83 A.3d 1030, 1033-1034 (Pa. (Pa. Super. 2013) (*en banc*).

> The Commonwealth establishes a probation violation meriting revocation when it shows, by a preponderance of the evidence, that the probationer's conduct violated the terms and conditions of his probation, and that probation has proven an ineffective rehabilitation tool incapable of deterring [the] probationer from future antisocial conduct.

**Commonwealth v. A.R.**, 990 A.2d 1, 4 (Pa. Super. 2010), *aff'd*, 80 A.3d 1180 (Pa. 2013).

Here, the trial court found that Redshaw's technical violations warranted revocation of his probation. The court opined, "It is very clear … that [Redshaw] does not have the ability to comply with the requirements of his probation." Trial Court Opinion, 3/13/2014, at 1-2. Indeed, during the first violation hearing, Redshaw acknowledged that he violated the condition of his probation prohibiting him from having a cell phone with internet access, and further admitted that he had a pornographic website saved to the browser. N.T., 11/10/2011, at 8. However, he stated that, other than this violation, his "house arrest was flawless." *Id.*

Our review of the record reveals ample support for the trial court's ruling. Although Redshaw attempts to downplay the significance of his technical violations, the PSI indicates he had a pattern of offending behavior since he was first released on probation. *See* Presentence Report, 2/9/2012, at 2-3 (noting that (1) in May of 2009, Redshaw threatened his former employer, which resulted in his re-arrest; (2) in July of 2010, shortly after his release, he was found in possession of a scrapbook of photos of "mostly young, scantily clad females" and a book of drawings of nude females; (3) he was also found in possession of a cell phone with internet access, which was prohibited; (4) in March of 2011, he admitted that he had recently purchased pornographic magazines; (5) in July of 2011, he admitted to his supervision staff that he had a Facebook account under an alias to avoid detection; (6) On July 21, 2011, he was again found in possession of a cell phone with several pornographic sites saved on the

browser; (7) on August 9, 2011, he was unsuccessfully discharged from sex offender treatment, and failed to report to his probation officer as instructed.).[14]   Therefore, we conclude the evidence before the trial court was sufficient to justify the revocation of Redshaw's probation.

The second issue identified in the **Anders** brief asserts that Redshaw was subjected to an illegal search and seizure when a probation officer forced him to open his mail.  He argues the illegality of the search was compounded when the officer turned over the letter to his sex offender program group coordinator, which ultimately led to his dismissal from the program, a violation of the terms of his probation.  **See Anders** Brief at 18.

Our review of the revocation proceedings, however, reveals that Redshaw never challenged the legality of the search before the trial court during any of the three revocation hearings.  Accordingly, this issue is waived on direct appeal.[15]  **See Commonwealth v. Collins**, 424 A.2d 1254, 1254 (Pa. 1981) ("The failure to interpose ... objections [during probation revocation proceedings] at any time in the court below precludes their consideration on appeal.").

---

[14] Although the certified record does not include a list of the conditions of Redshaw's probation, Redshaw does not dispute that his actions constituted technical violations.

[15] We note Redshaw may still seek relief on this claim in a timely-filed PCRA petition challenging counsel's ineffectiveness.

The last issue identified in the **Anders** brief is a challenge to the discretionary aspects of Redshaw's probation revocation sentence. A defendant's right to appeal the discretionary aspects of his sentence is not absolute. Rather, "[a] challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal[.]" **Commonwealth v. Hoch**, 936 A.2d 515, 518 (Pa. Super. 2007) (citation omitted). In order to reach the merits of such a claim, this Court must determine:

> (1) whether appellant has filed a timely notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether appellant's brief has a fatal defect; and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

**Commonwealth v. Dunphy**, 20 A.3d 1215, 1220 (Pa. Super. 2011) (footnotes omitted). Here, Redshaw properly preserved his challenge to the discretionary aspects of his sentence by filing a timely appeal and raising the claim in a post sentence motion. Although the **Anders** brief does not include the requisite statement of reasons relied upon for appeal pursuant to Pa.R.A.P. 2119(f), we may disregard this omission where, as here, the Commonwealth fails to object. **See Commonwealth v. Antidormi**, 84 A.3d 736, 759 (Pa. Super. 2014), *appeal denied*, 95 A.3d 275 (Pa. 2014). Accordingly, we must now determine whether Redshaw has presented a substantial question that his sentence is inappropriate under the Sentencing Code.

A substantial question exists when an appellant sets forth "a colorable argument that the sentence imposed is either inconsistent with a specific provision of the Sentencing Code or is contrary to the fundamental norms underlying the sentencing process." *Commonwealth v. Ventura*, 975 A.2d 1128, 1133 (Pa. Super. 2009) (citation omitted), *appeal denied*, 987 A.2d 161 (Pa. 2009).  Here, Redshaw contends the sentence imposed was excessive under the circumstances, namely, that he had committed only technical violations of his probation and was two weeks shy of completion of his probation at the time of his arrest.  This claim raises a substantial question for our review.  *See Commonwealth v. Schutzues*, 54 A.3d 86, 98 (Pa. Super. 2012) (substantial question found where appellant argued "the trial court imposed an excessive sentence to technical probation violations"), *appeal denied*, 67 A.3d 796 (Pa. 2013).  *See also Commonwealth v. Crump*, 995 A.2d 1280, 1282 (Pa. Super. 2010) ("The imposition of a sentence of total confinement after the revocation of probation for a technical violation, and not a new criminal offense, implicates the 'fundamental norms which underlie the sentencing process.'") (citation omitted), *appeal denied*, 13 A.3d 475 (Pa. 2010).

"In general, the imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal." *Commonwealth v. Hoover*, 909 A.2d 321, 322 (Pa. Super. 2006) (citation omitted).

> An abuse of discretion "is more than a mere error of judgment; thus, a sentencing court will not have abused its discretion unless 'the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will.' An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion.

*Commonwealth v. Perry*, 32 A.3d 232, 236 (Pa. 2011).

Upon the revocation of a defendant's probation, a trial court may impose any sentencing option that was available under the Sentencing Code at the time of the original sentencing, regardless of any negotiated plea agreement. 42 Pa.C.S. § 9771(b); *Commonwealth v. Wallace*, 870 A.2d 838, 843 (Pa. 2005). Section 9771(c), however, limits the trial court's authority to impose a sentence of total confinement upon revocation unless one of three circumstances are present:

(1) the defendant has been convicted of another crime; or

(2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or

(3) such a sentence is essential to vindicate the authority of the court.

42 Pa.C.S. § 9771(c). Furthermore, it is well-established that "[t]echnical violations can support revocation and a sentence of incarceration when such violations are flagrant and indicate an inability to reform." *Commonwealth v. Carver*, 923 A.2d 495, 498 (Pa. Super. 2007).

Here, the record reveals that the sentence imposed by the trial court was not excessive under the circumstances. Redshaw was convicted of sexual assault, a second-degree felony. 18 Pa.C.S. § 3124.1. Accordingly,

the trial court was bound only by the statutory maximum sentence, which is 10 years' imprisonment. 18 Pa.C.S. § 1103(2). Redshaw's revocation sentence of 18 to 36 months' incarceration fell well below the statutory maximum.

Furthermore, the trial court had the benefit of a PSI, which detailed Redshaw's repeated inability to conform to the requirements of his probation. *See Antidormi*, *supra*, 84 A.3d at 761 (when sentencing court has benefit of PSI, "we presume that the sentencing judge fully was apprised of Appellant's characteristics and properly weighed those factors."). His conduct, in particular his continued possession of pornographic materials, demonstrated that he is a poor candidate for reform. Although Redshaw argues he was compliant for most of his three-year probationary term, the PSI establishes otherwise. Indeed, Redshaw was out of prison for only four months when he was re-incarcerated for threatening his former employer. After he was released again in July of 2010, he repeatedly violated the terms of his probation leading up to his arrest in August of 2011. *See* Presentence Report, 2/9/2012, at 2-3. We conclude that his conduct during his release demonstrates he is likely to commit another crime, and a sentence of imprisonment is essential to vindicate the authority of the trial court. *See Commonwealth v. Cappellini*, 690 A.2d 1220, 1225-1226 (Pa. Super. 1997) (although trial court did not make specific finding that sentence of total confinement upon revocation of probation was necessary pursuant to Section 9771(c)(2) and (3), the record was sufficient to support such a

- 14 -

finding). Accordingly, we detect no abuse of discretion on the part of the trial court in imposing a sentence of imprisonment for Redshaw's repeated violations of his probation.

Accordingly, because we agree with counsel's assessment that Redshaw's appeal is wholly frivolous, we affirm the judgment of sentence and grant counsel's petition to withdraw.

Judgment of sentence affirmed. Petition to withdraw as counsel granted.


Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/18/2014