J-S03036-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MICHAEL JOYNER | : | |
| | : | No. 1101 EDA 2017 |
| Appellant | | |

Appeal from the Judgment of Sentence February 28, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0713981-2001

BEFORE:   BENDER, P.J.E., PANELLA, J., and STEVENS, P.J.E.*

MEMORANDUM BY STEVENS, P.J.E.:                **FILED MARCH 23, 2018**

Appellant Michael Joyner appeals the judgment of sentence entered by the Court of Common Pleas of Philadelphia County after the revocation of his probation and parole.   Appellant claims he was denied a prompt revocation hearing and asserts that the lower court abused its discretion in imposing his third revocation sentence.  We affirm.

On November 28, 2001, following a bench trial, Appellant was convicted of Possession of a Controlled Substance with Intent to Deliver (PWID).  On January 25, 2002, Appellant was sentenced to 11½ to 23 months incarceration to be followed by three years' reporting probation.  After Appellant was paroled on August 8, 2002, he immediately absconded from court supervision.

On March 18, 2003, Appellant was arrested and again charged with PWID.  In this new case, on May 29, 2003, he was convicted of PWID.  On

_____

\*   Former Justice specially assigned to the Superior Court.

August 28, 2003, Appellant appeared for his first probation/parole violation (VOP) hearing, was found in direct violation of his probation/parole, and was sentenced to serve his back time in addition to a consecutive three years' probation. On May 4, 2004, Appellant was paroled to Wedge Medical Center. On August 16, 2004, Appellant again absconded from supervision. Wanted cards were issued for his arrest.

Thereafter, Appellant was subsequently arrested in New Jersey for four new drug related charges. On June 7, 2005, Appellant was arrested and charged in New Jersey for possession of a controlled substance. On December 13, 2005, Appellant was arrested and charged again in New Jersey for possession of a controlled substance. On January 30, 2006, Appellant was convicted of both of these charges and sentenced to three years' probation. On August 30, 2006, Appellant was arrested and charged in New Jersey with two counts of possession of a controlled substance. On April 3, 2007, Appellant was convicted on both counts and sentenced to five years' probation. On July 28, 2010, a New Jersey court revoked his probation and sentenced him to four years' incarceration on the first three charges and five years' incarceration on his fourth charge. On May 23, 2013, the New Jersey Department of Corrections paroled Appellant.

On July 12, 2013, in a second VOP hearing, the Philadelphia Court of Common Pleas found Appellant in direct and technical violation of his probation/parole due to his New Jersey convictions and his absconding from supervision in 2004. The revocation court sentenced Appellant to 11½ to 23

months incarceration to be followed by three years' probation with the recommendation that he be sent to Hoffman Hall. The revocation court also imposed sentencing conditions such as drug treatment, parenting classes, anger management counseling as well as to maintain employment and pay mandatory court costs and supervision fees. Inexplicably, on April 3, 2014, Appellant was again paroled from Hoffman Hall.

Appellant attended two subsequent status hearings. On July 22, 2014, Appellant admitted he had not paid anything towards his fines and costs, claimed that he was attempting to further his education, and was granted permission to attend community college. On October 24, 2014, Appellant appeared at another status hearing, again admitting that he had not paid anything towards his costs and fees, did not enroll in community college, but was employed at McDonald's. The lower court ordered Appellant to pay $175 towards his costs and fees before his next status hearing.

On December 15, 2014, after Appellant failed to appear at his scheduled status hearing, a bench warrant was issued for his arrest. Thereafter, on January 23, 2015, Appellant was again arrested and charged in New Jersey for Possession of a Controlled Substance. On November 23, 2015, Appellant was convicted of this new charge. He remained in New Jersey custody until he was returned to Philadelphia on February 6, 2017.

Twenty-two days later, on February 28, 2017, Appellant proceeded to his third VOP hearing and was found in direct and technical violation of his probation and parole. The lower court revoked his probation and parole and

resentenced him to 2½ to 5 years' imprisonment. On March 7, 2017, Appellant filed a post-sentence motion. On March 28, 2017, he filed this appeal while his post-sentence motion was still pending.[1]

Appellant raises two issues for our review on appeal:

1. Was not [Appellant] denied his right to a speedy revocation hearing in violation of Pa.R.Crim.P. 708, when his hearing was delayed for 15 months after his conviction in the criminal case constituting a direct violation of his probation, and [A]ppellant was substantially prejudiced by the delay?

2. Does not the sentence of 2½ to 5 years total confinement represent an abuse of discretion in that it was manifestly excessive and unreasonable, inconsistent with the Sentencing Code and fundamental norms underlying the sentencing process, not necessary to vindicate the authority of the court, and contrary to what was necessary to foster the rehabilitative needs of [A]ppellant, a drug addict and nonviolent offender who already served substantial time in New Jersey and was successfully engaged in rehabilitative programs there?

Appellant's Brief, at 3.

Appellant first claims his right to a prompt revocation hearing was violated when his violation hearing was scheduled more than fifteen months after the New Jersey conviction that served as the basis for the revocation. As an initial matter, we must determine whether Appellant waived this issue for review. "[T]he failure to make a timely and specific objection before the

_____

[1] "An appellant whose revocation of probation sentence has been imposed after a revocation proceeding has 30 days to appeal [the] sentence from the day [the] sentence is entered, regardless of whether or not [he or] she files a post-sentence motion." **Commonwealth v. Parlante**, 823 A.2d 927, 929 (Pa.Super. 2003) (citing Pa.R.Crim.P. 708(D)).

trial court at the appropriate stage of the proceedings will result in waiver of the issue." ***Commonwealth v. Tucker***, 143 A.3d 955, 961 (Pa.Super. 2016). This Court has held that a speeding revocation hearing claim must be raised and preserved at the revocation proceeding, or it will be deemed waived. ***Commonwealth v. Collins***, 492 Pa. 405, 407, 424 A.2d 1254, 1254 (1981).

Upon review of the transcript from the third revocation hearing, it is clear that Appellant did not object to the delay of which he now complains of on appeal. Instead, Appellant waited to raise this claim in his post-sentence motion, which the revocation court did not rule on before Appellant filed this appeal. As a result, we find Appellant has waived his challenge to the timeliness of his revocation hearing by failing to properly preserve it with a timely objection in the lower court.

Second, Appellant raises various challenges to the trial court's discretion in imposing his revocation sentence.[2] When reviewing such a challenge, we adhere to the following standard:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

***Commonwealth v. Raybuck***, 915 A.2d 125, 128 (Pa.Super. 2006).

---

[2] Appellant concedes on appeal that he violated the terms and conditions of his probation.

Appellant's challenge to the discretionary aspects of his sentence does not entitle him to appellate review as of right. ***Commonwealth v. Allen***, 24 A.3d 1058, 1064 (Pa.Super. 2011). Prior to addressing such a challenge, this Court engages in a four-part analysis to determine whether: the appeal is timely; Appellant preserved his issue; Appellant's brief contains a concise statement of the reasons relied upon for allowance of appeal pursuant to Pa.R.A.P. 2119(f); and the statement raises a substantial question that the sentence is inappropriate under the Sentencing Code. ***Commonwealth v. Austin***, 66 A.3d 798, 808 (Pa.Super. 2013), *appeal denied*, 621 Pa. 692, 77 A.3d 1258 (2013); ***see also*** Pa.R.A.P. 2119(f).

In this case, Appellant filed a timely notice of appeal and preserved several claims in a timely motion for reconsideration of his sentence. However, not all of those issues were also raised in his Statement of Reasons for Allowance of Appeal pursuant to Rule 2119(f). Our review of the record reveals that the only issue properly preserved in both Appellant's post-sentence motion and his 2119(f) statement was his claim that the trial court "failed to consider relevant sentencing criteria, including the protection of the public, the gravity of the underlying offense, and the rehabilitative needs of Appellant." ***See*** Petition to Vacate and Reconsider Sentence, 3/7/17, at 1, 3; Appellant's Brief, at 11.

Thus, we proceed to consider whether Appellant has presented a substantial question that his sentence is not appropriate under the Sentencing Code. In doing so, we are mindful that "[t]he determination of what

constitutes a substantial question must be evaluated on a case-by-case basis."

***Commonwealth v. Caldwell***, 117 A.3d 763, 768 (Pa.Super. 2015), *appeal denied*, 633 Pa. 774, 126 A.3d 1282 (2015) (citation omitted). In addition,

> [a] substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.

***Id.*** Appellant's argument that the trial court, in imposing sentence, failed to consider the protection of the public and Appellant's rehabilitative needs, raises a substantial question. ***See Commonwealth v. Derry***, 150 A.3d 987, 992 (Pa.Super. 2016) (concluding a claim the trial court failed to consider the protection of the public, the gravity of the underlying offense, and the appellant's rehabilitative needs raises a substantial question in typical cases).

When reviewing the outcome of a revocation proceeding, this Court is limited to determining the validity of the proceeding, the legality of the judgment of sentence imposed, and the discretionary aspects of sentencing. ***Commonwealth v. Cartrette***, 83 A.3d 1031, 1033–34 (Pa.Super. 2013) (*en banc* ) (explaining that appellate review of a revocation sentence includes discretionary sentence challenges). "In general, the imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal." ***Commonwealth v. Hoover,*** 909 A.2d 321, 322 (Pa.Super. 2006). Following the revocation of probation, the trial court may impose a sentence of total confinement if any of the following conditions exist: the

defendant has been convicted of another crime; the conduct of the defendant indicates it is likely he will commit another crime if he is not imprisoned; or, such a sentence is essential to vindicate the authority of the court. **Id.** at 323. **See also** 42 Pa.C.S.A. § 9771(c).

The Sentencing Guidelines do not apply to sentences imposed following a revocation of probation, and when imposing its sentence following a revocation of probation, the trial court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence. **Commonwealth v. Coolbaugh**, 770 A.2d 788, 792 (Pa.Super. 2001). Pursuant to 42 Pa.C.S.A. § 9721(b), "the court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b). "[T]he court shall make as part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed." **Id.** Nevertheless, "[a] sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statute in question, but the record as a whole must reflect the sentencing court's consideration of the facts of the crime and character of the offender." **Commonwealth v. Crump**, 995 A.2d 1280, 1283 (Pa.Super. 2010) (citation omitted), *appeal denied*, 608 Pa. 661, 13 A.3d 475 (2010).

At the revocation hearing, the lower court expressed frustration at Appellant's failure to take advantage of its repeated attempts to help Appellant work towards rehabilitation by sending him to drug-treatment programs instead of state prison:

> This sentence is absolutely necessary because I've been trying to help this defendant with all his drug-related issues since 2001. It is now 2017 and actually, nothing I did ever helped. I allowed him to go to three different programs in the county and none of those helped because he was still picked up in New Jersey for the same thing in 2015, so this sentence is necessary.
>
> I think that maybe he might do better in state prison, but if he doesn't have the desire to kick his habit and stay out of trouble, then there is nothing that I would ever be able to do to help that situation, so I think this sentence is appropriate under the circumstances.

VOP Hearing, 2/28/17, at 27-28.

In addition, in its Opinion filed pursuant to Pa.R.A.P. 1925(a), the lower court provided further detail of its decision to impose the sentence in this case:

> Here, this Court considered all relevant information about [Appellant] that was available to this Court. [The court] reviewed [Appellant's] criminal history on the record, reviewed the probation department report, listened to the recommendation of the Commonwealth and defense counsel, and heard what [Appellant] had to say when finding him in violation of his probation. As stated above, there is no requirement that this Court impose the minimum possible sentence. Rather, based upon [Appellant's] repeated and continuing drug violations, this Court found it appropriate to sentence [Appellant] to 2½ to 5 years state incarceration, with credit for time served.

VOP Hearing, 2/28/17, at 27-28.

In light of the foregoing, Appellant's claim that the trial court did not consider the relevant sentencing factors is belied by the record. Appellant

- 9 -

essentially asks this Court to reweigh the significance of each sentencing factor found at Section 9721(b); we will not substitute our judgment in place of the sentencing court's discretion.   *See Commonwealth v. Macias*, 968 A.2d 773, 778 (Pa.Super. 2009).

To the contrary, we agree that Appellant's repeated refusal to abide by the conditions of his probation evinced a prison sentence that was essential to vindicate the authority of the court and for the protection of the public.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/23/18