J-S27020-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| VAUGHN MOORE, | : | |
| | : | |
| Appellant | : | No. 2692 EDA 2019 |

Appeal from the Judgment of Sentence Entered August 13, 2019
In the Court of Common Pleas of Chester County Criminal Division at
No(s): CP-15-CR-0003807-1995

BEFORE: SHOGAN, J., McCAFFERY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY McCAFFERY, J.: **FILED JULY 08, 2020**

Vaughn Moore (Appellant) appeals from the judgment of sentence imposed in the Chester County Court of Common Pleas, following the revocation of his parole and probation. Contemporaneous with this appeal, Appellant's attorney, C. Curtis Norcini, Esquire, has filed a petition to withdraw from representation and an **Anders** brief. **See Anders v. California**, 386 U.S. 738 (1967); **Commonwealth v. Santiago** 978 A.2d 349 (Pa. 2009). The sole issue in the **Anders** brief asserts Appellant's violation of probation hearing was untimely. For the reasons below, we affirm the judgment of sentence, and grant counsel's petition to withdraw.

_____

[*] Former Justice specially assigned to the Superior Court.

On June 6, 1996, following a jury trial, Appellant was convicted of robbery, criminal conspiracy, possessing an instrument of crime (PIC), prohibited offensive weapons, and false imprisonment[1] for his participation in an armed robbery of a Burger King restaurant. The trial court sentenced him on July 22, 1996, to the following: (1) nine to 18 years' imprisonment for robbery; (2) a concurrent five to 10 years' imprisonment for conspiracy; (3) consecutive terms of five years' probation for both PIC and prohibited offensive weapons; and (4) a consecutive term of two years' probation for false imprisonment. Thus, Appellant's aggregate sentence was nine to 18 years' imprisonment followed by 12 years' probation.

Appellant's judgment of sentence was affirmed on direct appeal, and the Pennsylvania Supreme Court denied allocatur review on May 17, 2000. *Commonwealth v. Moore*, 3027 PHL 1996 (unpub. memo.) (Pa. Super. 2000), *appeal denied*, 82 M.D. Alloc. 2000 (Pa. 2000). On May 4, 2001, Appellant filed a timely *pro se* petition for relief pursuant to the Post Conviction Relief Act (PCRA).[2] Although counsel was appointed, it appears no further action was taken on the petition.[3] Thereafter, on September 20, 2013,

---

[1] 18 Pa.C.S. §§ 3701(a)(1)(ii), 903(a)(1), 907(b), 908(a), and 2903, respectively.

[2] 42 Pa.C.S. §§ 9541-9546.

[3] We note that after the notice of appeal was filed in the present case, the trial court "discovered that there remains an outstanding [PCRA] matter." Order, 11/22/19, at 1. Thus, the court directed present counsel to review the matter

Appellant filed a motion seeking to correct an illegal sentence *nunc pro tunc*, which the trial court denied on October 2, 2013.

In December of 2018, after Appellant completed serving his sentence for the robbery and conspiracy charges, the trial court issued a bench warrant for his arrest, alleging he violated the terms of his probationary sentence on the remaining counts. A violation of probation hearing was conducted on February 11, 2019. The trial court found Appellant had violated the terms of his supervision and imposed the following sentence: (1) 23 months' imprisonment for PIC, (2) a consecutive term of five years' probation for prohibited offensive weapons; and (3) a concurrent term of two years' probation for false imprisonment. Appellant was subsequently paroled on March 12, 2019.

Thereafter, on June 14, 2019, the trial court issued another bench warrant for Appellant's arrest based upon alleged technical violations of his supervision, specifically his failure to report to his probation/parole officer, his change of address without permission, and his failure to pay costs, fines and restitution. Appellant was arrested on July 9th and a **Gagnon I** hearing[4] was

---

with Appellant and file either an amended petition or **Turner**/**Finley** "no merit" letter within 60 days. **Id. See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[4] **Gagnon v. Scarpelli**, 411 U.S. 778 (1973). This Court explained the revocation proceedings as follows:

- 3 -

conducted on July 15th. Appellant's *Gagnon II* revocation hearing was held on August 13, 2019, at which time Appellant was represented by Kathleen Boyer, Esquire, of the Chester County Public Defender's Office. Appellant admitted he was in technical violation of the terms of his supervision, and the trial court revoked both his parole and probation. N.T. Revocation Hr'g, 8/13/19, at 5, 15. Upon the revocation of parole on the PIC charge, the court sentenced Appellant to his back time of 20 months and 17 days' imprisonment. Upon the revocation of probation on the charges of prohibited offensive weapons and false imprisonment, the court reinstated Appellant's prior probationary sentences: five years consecutive probation for the weapons charge and two years concurrent probation for false imprisonment. Appellant filed a timely *pro se* notice of appeal.[5]

---

> When a parolee or probationer is detained pending a revocation hearing, due process requires a determination at a **pre-revocation** hearing, a *Gagnon I* hearing, that probable cause exists to believe that a violation has been committed. Where a finding of probable cause is made, a second, more comprehensive hearing, a *Gagnon II* hearing, is required before a final revocation decision can be made.

*Commonwealth v. Ferguson*, 761 A.2d 613, 617 (Pa. Super. 2000) (citations omitted).

[5] The record does not indicate why Attorney Boyer did not file the notice of appeal. In any event, the court clerk properly docketed Appellant's *pro se* notice of appeal. **See** Pa.R.Crim.P. 576(A)(4) (if represented criminal defendant submits for filing notice of appeal that has not been signed by his attorney, clerk of courts shall accept it for filing and copy of time-stamped document shall be forwarded to defendant's attorney and Commonwealth within 10 days); *Commonwealth v. Wooden*, 215 A.3d 997, 1000 (Pa.

On September 20, 2019, the trial court directed Appellant to file a concise statement or errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). In compliance with that order, on October 8th, Assistant Public Defender, Maria Heller, Esquire, filed a statement indicating her intent to file an **Anders** brief on appeal.[6] Thereafter, on November 22, 2019, the trial court filed a statement pursuant to Pa.R.A.P. 1925(a), noting there were "no issues raised on appeal" for the court to address. Statement of the Court, 11/22/19, at 2.

That same day, the trial court entered an order directing Attorney Heller to review the outstanding PCRA matter filed in May of 2001.[7] The court ordered counsel, within 60 days, to either file an amended petition or a **Turner**/**Finley** "no merit" letter. Order, 11/22/19, at 2-3. Upon her review of the PCRA matter, Attorney Heller discovered a conflict of interest because Appellant had asserted trial counsel, a member of her same office, was ineffective. Attorney Heller's Application for Leave to Withdraw as Attorney of Record, 12/11/19, at 1. Subsequently, the trial court appointed present

---

Super. 2019) (although defendant's attorney remained as counsel of record, it was proper for trial court clerk to docket defendant's *pro se* notice of appeal).

[6] **See** Pa.R.A.P. 1925(c)(4) ("In a criminal case counsel may file of record and serve on the judge a statement of intent to file an **Anders**/**Santiago** brief in lieu of filing a Statement.").

[7] The court noted that after Appellant filed the *pro se* petition on May 4, 2001, two separate attorneys were appointed, but no further action was take on the matter. Order, 11/22/19, at 1.

counsel, Attorney Norcini, to represent Appellant in both the revocation and PCRA matters. Order, 12/19/19.

On January 14, 2020, Attorney Norcini filed an application in this Court to postpone the briefing schedule pending the disposition of Appellant's PCRA matter. Appellant's Application to Postpone Filing of Brief Pending Disposition of PCRA Petition, 1/14/20, at 2 (unpaginated). This Court entered a *per curiam* order on April 7, 2020, denying the application "without prejudice to [] Appellant's right to again raise the issues . . . before the [merits] panel . . . or by raising the issues in [ ] Appellant's brief." Order, 4/7/20. Attorney Norcini did not revisit the ruling in a separate filing; rather, as noted above, he filed a motion to withdraw as counsel and an **Anders** brief.

When counsel files a petition to withdraw and accompanying **Anders** brief, we must first examine the request to withdraw before addressing any of the substantive issues raised on appeal. **Commonwealth v. Bennett**, 124 A.3d 327, 330 (Pa. Super. 2015). An attorney seeking to withdraw from representation on appeal

> must: 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the brief to the defendant; and 3) advise the defendant that he or she has the right to retain private counsel or raise additional arguments that the defendant deems worthy of the court's attention.

**Commonwealth v. Cartrette**, 83 A.3d 1030, 1032 (Pa. Super. 2013) (*en banc*). Pursuant to **Santiago**, counsel must also:

(1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Id.*, *quoting* ***Santiago***, 978 A.2d at 361.

Here, Attorney Norcini's brief and petition comply with the technical requirements of ***Anders*** and ***Santiago***. ***See Cartrette***, 83 A.3d at 1032. Moreover, Attorney Norcini attached a copy of a letter he sent to Appellant, advising him of his right to proceed with newly retained counsel or *pro se* and raise any additional points for this Court's attention. Appellant has not filed any response. Therefore, we proceed to examine the issue identified by Attorney Norcini in the ***Anders*** brief, and then conduct "a full examination of all the proceedings, to decide whether the case is wholly frivolous." ***See Commonwealth v. Yorgey***, 188 A.3d 1190, 1196 (Pa. Super. 2018) (*en banc*) (quotation omitted). If we agree with counsel's assessment, "we may grant counsel's request to withdraw and dismiss the appeal[.]" ***Id.*** (citation omitted).

The sole issue identified in the ***Anders*** brief is Appellant's contention that his revocation hearing was untimely convened. ***Anders*** Brief at 9. Appellant maintains that because the hearing was conducted more than 30 days after he was taken into custody for alleged violations of his supervision, the trial court "violated his right to a speedy violation hearing." ***Id.***

Our review of a judgment of sentence imposed following the revocation of probation is limited to the following:

> the validity of the revocation proceedings, the legality of the sentence imposed following revocation, and any challenge to the discretionary aspects of the sentence imposed.

*Commonwealth v. Wright*, 116 A.3d 133, 136 (Pa. Super. 2015) (citation omitted).  When appealing from a judgment of sentence imposed following the revocation of parole, "the proper issue . . . is whether the revocation court erred, as a matter of law, in deciding to revoke parole and, therefore, to recommit the defendant to confinement." *Commonwealth v. Kalichak*, 943 A.2d 285, 291 (Pa. Super. 2008).

Pennsylvania Rule of Criminal Procedure 708 provides, in relevant part:

> (B) Whenever a defendant has been sentenced to probation or . . . or placed on parole, the judge shall not revoke such probation . . .  or parole as allowed by law unless there has been:
>
> > (1) a hearing held as speedily as possible at which the defendant is present and represented by counsel; and
> >
> > (2) a finding of record that the defendant violated a condition of probation, . . . or parole.

Pa.R.Crim.P. 708(B)(1)-(2).

Although Appellant claims "the standard rule is [the hearing must be held] within 30 days after arrest[,]" he provides no support for this contention.  *See* Appellant's Notice of Appeal, 9/11/19.  Rather, this Court has explained:

> The language "speedily as possible" has been interpreted to require a hearing within a reasonable time.  Rule 708 does not establish a presumptive period in which the Commonwealth must revoke probation; but instead, the question is whether the delay was reasonable under the circumstances of the specific case and

whether the appellant was prejudiced by the delay. The relevant period of delay is calculated from the date of conviction or entry of guilty plea to the date of the violation hearing.

In evaluating the reasonableness of a delay, the court examines three factors: the length of the delay; the reasons for the delay; and the prejudice resulting to the defendant from the delay. The court must analyze the circumstances surrounding the delay to determine if the Commonwealth acted with diligence in scheduling the revocation hearing. Prejudice in this context compromises the loss of essential witnesses or evidence, the absence of which would obfuscate the determination of whether probation was violated, or unnecessary restraint of personal liberty.

*Commonwealth v. Clark*, 847 A.2d 122, 123–24 (Pa. Super. 2004) (citations omitted).

Preliminarily, we note, as Attorney Norcini pointed out in the *Anders* brief, that Appellant did not challenge the timeliness of his violation hearing before the trial court. *See Anders* Brief at 9. For that reason, this claim is waived. *See* Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."); *Commonwealth v. Collins*, 424 A.2d 1254, 1255 (Pa. 1981) (holding appellant waived claim that "he was denied a speedy revocation hearing" when he failed to object during the revocation hearing).

Nevertheless, even if we were to address this claim, we would conclude it is meritless. A bench warrant was issued for Appellant's alleged violations on June 18, 2019. Appellant was taken into custody on July 9, 2019.[8] His

_____

[8] We note the trial court states the warrant was "returned served on July 10, 2019." Statement of the Court, 11/22/19, at 1. However, Appellant was

*Gagnon I* hearing was held on July 15, 2019, and his revocation hearing was conducted on August 13, 2019 — only 35 days after he was incarcerated. We cannot conclude that this delay is unreasonable. Furthermore, because Appellant agreed he was in violation of the terms of his supervision, he is unable to demonstrate any prejudice due to the perceived delay. *See Clark*, 847 A.2d at 124. Therefore, we agree with Attorney Norcini's assessment that this claim is meritless.

Moreover, our independent review of the record reveals no non-frivolous issues to be raised on appeal. Accordingly, we affirm the judgment of sentence and grant Attorney Norcini's petition to withdraw.[9]

Judgment of sentence affirmed. Petition to withdraw as counsel granted.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

Date: *7/8/2020*

---

given credit for time-served from July 9th. N.T., Revocation H'rg, at 15. Therefore, we presume he was incarcerated on that date.

[9] We note, however, that Attorney Norcini has moved to withdraw only from the appeal of the revocation proceedings. He continues to represent Appellant in the outstanding PCRA matter.

- 10 -