J-A11014-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| STEVEN JOHNSON MILLER | : | |
| | : | |
| Appellant | : | No. 1689 EDA 2021 |

Appeal from the Judgment of Sentence Entered July 20, 2021
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s):  CP-46-CR-0004634-2017

BEFORE:  BOWES, J., STABILE, J., and McLAUGHLIN, J.

MEMORANDUM BY BOWES, J.:                    **FILED JULY 19, 2022**

Steven Johnson Miller appeals from the July 20, 2021 order revoking his prior consecutive probationary sentences for simple assault and recklessly endangering another person ("REAP") and imposing concurrent sentences of time served to twenty-three months of incarceration, respectively.  We affirm.

In 2017, officers of the East Norriton Police Department arrested Appellant for fracturing the arm of his girlfriend's two-month-old baby.  On June 28, 2018, Appellant entered a negotiated guilty plea to simple assault and REAP, in exchange for two consecutive sentences of two years of probation.  Appellant also agreed to attend parenting classes as a special condition of his probation.  In June 2020, Appellant's first probationary term on the simple assault charge expired.

In October 2020, while serving his second probationary term on REAP, Appellant was arrested and charged with assaulting two minors in Cumberland

County, Pennsylvania. As a result of these new charges, Appellant's assaultive behavior, and his failure to complete the aforementioned parenting classes, the Montgomery County Adult Probation Department moved to revoke both of Appellant's probationary sentences, including the expired term, by notice filed on February 3, 2021.

On July 20, 2021, the revocation court held a hearing on the motion, wherein Appellant stipulated to violating his probation by failing to attend parenting classes. *See* N.T. Violation Hearing, 7/20/21, at 10. The Commonwealth withdrew the other two bases for violation after the Cumberland County District Attorney's Office declined to prosecute Appellant. Based upon Appellant's stipulation, the court revoked Appellant's probation at both charges and resentenced him to two concurrent sentences of time served to twenty-three months of incarceration. Appellant received credit for the time he spent detained for the revocation.

Appellant filed a timely notice of appeal. Without requesting leave of court, Appellant later purported to file a post-sentence motion *nunc pro tunc*. While his motion was pending, Appellant submitted a court-ordered concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) and the revocation court forwarded its Rule 1925(a) opinion. Thereafter, the court denied the post-sentence motion as untimely pursuant to Pa.R.Crim.P. 720(A)(1).

Appellant raises two issues, which we have reordered for ease of our review:

1.  Whether it is an illegal sentence where Appellant's supervision was revoked on the second of two consecutive terms of probation for violating a specific condition of his supervision – a condition that still could have been completed because the probationary term had not yet expired?

2.  Whether it is an illegal sentence where Appellant's first of two consecutive terms of probation was revoked for violating a specific condition but there was no requirement by when he had to complete the condition and the Commonwealth did not move to revoke until almost six months after the probationary term had expired?

Appellant's brief at 4 (cleaned up).

Although presented as separate issues, both of Appellant's claims essentially contend that the evidence was insufficient to prove that he violated the terms of his probation. **See** Appellant's brief at 11-14, 17-19. Specifically, Appellant alleges that the Commonwealth failed to establish that he was required to complete the parenting classes by a specific date, either before his simple assault sentence expired or before he finished serving his REAP sentence. **Id**. Thus, he reasons, the Commonwealth could not prove that he violated a specific condition of either probationary term. **Id**.

Challenges to the sufficiency of the evidence supporting the revocation of probation are questions of law subject to plenary review. **See Commonwealth v. Perreault**, 930 A.2d 553, 558 (Pa.Super. 2007). Accordingly, we must determine whether the evidence admitted at the revocation hearing and all reasonable inferences drawn therefrom, viewed in

the light most favorable to the Commonwealth, is sufficient to support the conclusion that the probationer violated the terms of his probation. *Id*.

The trial court found that Appellant had waived both of these issues due to his failure to raise any objection to contest his probation violation at the revocation hearing. *See* Trial Court Opinion, 9/21/21, at unnumbered 2. We agree. It is well-established that objections not raised during a counselled revocation proceeding will not be considered on appeal. *See Commonwealth v. Collins*, 424 A.2d 1254, 1254 (Pa. 1981) (*per curiam*); *see also* Pa.R.A.P. 302(a) ("Issues not raised in lower court are waived and cannot be raised for the first time on appeal."). Moreover, when an appellant agrees not to contest the alleged probation violations, he surrenders "important rights." *Commonwealth v. Bell*, 410 A.2d 843, 844 (Pa.Super. 1979) (finding an appellant's challenge to a probation revocation resentence failed where the appellant did not contest the violations at the revocation hearing).

The certified record reflects that Appellant, who was represented by counsel, waived his right to a *Gagnon I* hearing and stipulated to violating the specific terms of his probation by failing to complete parenting classes.[1]

---

[1] *See Gagnon v. Scarpelli*, 411 U.S. 778 (1973); *see also Commonwealth v. Starr*, 234 A.3d 755, 762 (Pa.Super. 2020) (explaining that when a probationer is detained based on an alleged probation violation, due process requires a *Gagnon I* hearing to determine if there is probable cause that probationer committed a violation of his probation, followed by a second more
*(Footnote Continued Next Page)*

*See* N.T. Revocation Hearing, 7/20/21, at 9-10. After conducting a colloquy to ensure that Appellant's stipulation and waiver of a *Gagnon I* hearing was knowing and voluntary, the court accepted the stipulation and revoked Appellant's probation. *Id*. at 12-14. Importantly, Appellant does not contend that this stipulation was unknowing or involuntary. Thus, we conclude that both of Appellant's issues warrant no relief.

Alternatively, Appellant challenges the authority of the court to revoke his probation on the expired simple assault sentence. *See* Appellant's brief at 15-16. Specifically, Appellant contends that the Commonwealth's delay in seeking revocation deprived him of a speedy hearing and rendered his sentence illegal. While raised for the first time on appeal, Appellant argues that this issue is not waived since the Commonwealth's failure to act "with reasonable promptness" deprived the revocation court of the necessary authority to revoke his sentence. *Id*. at 16. *Id*. However, we discern that Appellant has conflated claims challenging the timing of the underlying violation, which are non-waivable, with allegations concerning delays in the overall revocation process, which are subject to waiver if not asserted at the revocation hearing.

Pennsylvania law is settled that a defendant can be found to have violated his probation after the term expires, so long as the conduct which

---

comprehensive *Gagnon II* hearing wherein the trial court determines whether to revoke probation).

forms the basis for the violation occurred during the probationary period.  ***See***

***Commonwealth v. Wright***, 116 A.3d 133, 137 (Pa.Super. 2015).  Thus,

claims that a defendant had completed his probation before committing the

alleged probation violation impact the revocation court's authority and,

therefore, are nonwaivable.  ***See Commonwealth v. Weir***, 239 A.3d 25, 35-

36 (Pa. 2020) ("Where a claim concerns the sentencing court's authority to

impose a sentence, it is reviewable as of right on direct appeal, without regard

to preservation of the claim."); ***Commonwealth v. Mathias***, 121 A.3d 558,

563 (Pa.Super. 2015) (finding sentence imposed for a violation of probation

was illegal where the term of probation expired before the alleged violation

occurred).

Once it is determined that the court has the authority to revoke a

defendant's sentence, the court evaluates the individual circumstances of a

case to determine the propriety of a post-probation allegation of violation.

***See Commonwealth v. Smith***, 860 A.2d 142, 143 (Pa.Super. 2004).  In

contrast to the case law above, our Supreme Court has held that claims

asserting unreasonable delays in the revocation proceedings are subject to

waiver if not raised at the revocation hearing.  ***See Commonwealth v.***

***Marchesano***, 544 A.2d 1333, 1336 (Pa. 1988) ("[A]ssuming appellee's

original counsel had timely asserted his delay claim it would have been

evaluated . . . by an inquiry into the circumstances of the individual case.");

***Collins***, ***supra*** at 1254 (finding written notice and speedy revocation hearing

claims not raised by specific exception in the revocation court were waived for purposes of appellate review); ***Commonwealth v. Ziegler***, 428 A.2d 220 (Pa.Super. 1981) (holding that a speedy revocation hearing claim was waived if not raised at a revocation hearing).[2]

Herein, Appellant has never argued that the probation violations occurred after his simple assault sentence expired. Accordingly, while framed as a nonwaivable claim implicating the legality of his sentence, Appellant's assertion of unreasonable delay does not implicate the revocation court's

_____

[2] Before ***Commonwealth v. Collins***, 424 A.2d 1254, 1254 (Pa. 1981), issues of promptness and notice at the probation hearing were viewed as due process challenges not subject to waiver. ***See Commonwealth v. Alexander***, 331 A.2d 836, 839 (Pa.Super. 1974) ("it would be a derogation of the minimum due process rights of an alleged probation violator to require him to raise lack of notice at a less-then-formal hearing or waive his right to do so."); ***see also Commonwealth v. Spence***, 381 A.2d 949, 951 n.2 (Pa.Super. 1977) (extending ***Alexander*** so that the waiver doctrine also covered speedy revocation hearing claims, finding there was no rational basis to distinguish between the two since they were both required by due process). In overruling ***Alexander***, *sub silentio*, the ***Collins*** court did not discuss the discretionary versus legality dichotomy, but instead implied that these claims were discretionary by finding them subject to trial-level issue preservation requirements. ***See Commonwealth v. King***, 430 A.2d 990, 991 (Pa.Super. 1981) (holding that ***Collins*** overruled those cases holding that a written notice claim could not be waived by failure to raise it at the revocation hearing *sub silentio*). The cases that followed ***Collins*** also do not discuss the issue of sentence legality. ***See Commonwealth v. Brown***, 190 A.3d 688, *4 (Pa.Super. 2018) (unpublished memorandum) (finding claims concerning inadequate notice waived for failure to properly preserve without discussing whether the claim went to sentence legality or discretion); ***see also Commonwealth v. Moore***, 239 A.3d 52, *4 (Pa.Super. 2020) (non-precedential memorandum) (concluding that claim challenging delay in revocation hearing after expiration of sentence was waived when appellant did not raise it at the hearing without mentioning sentence legality or discretion).

authority. *Id*. Since Appellant failed to raise claims that the notice receipt and revocation hearing were unreasonably delayed at the revocation hearing, these issues are waived.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/19/2022