430 A.2d 990

COMMONWEALTH of Pennsylvania

v.

Carl V. KING, Appellant.

Superior Court of Pennsylvania.

Submitted Jan. 13, 1981.

Filed June 5, 1981.

David G. Metinko, Pittsburgh, for appellant.

Kathryn L. Simpson, Assistant District Attorney, Pittsburgh, for Commonwealth, appellee.

Before SPAETH, SHERTZ and MONTGOMERY, JJ.

SPAETH, Judge:

This is an appeal from judgment of sentence imposed after revocation of appellant's probation. Appellant argues that as he did not receive written notice of the revocation hearing, the revocation of probation was invalid and his sentence must be set aside. We find, however, that this argument has been waived, and accordingly, we shall affirm.

On April 25, 1978, appellant pleaded guilty to burglary, theft, and receiving stolen property. He was sentenced to three years probation and was ordered to make restitution. On January 13, 1979, while on probation, appellant was arrested and charged with rape, involuntary deviate sexual intercourse, criminal attempt, aggravated assault, burglary, recklessly endangering another person, and criminal conspiracy. On June 26, 1979, he was tried and found guilty of all charges. On February 14, 1980, he was sentenced to 16 to 32 years in prison. Two hours after being sentenced, appellant was brought before the judge who had previously sentenced him to probation for a revocation hearing. The Commonwealth concedes that appellant received no written notice of the revocation hearing. At the hearing, appellant's probation was revoked and he was sentenced to 4 to 8 years in prison, to be served after his other sentences. Appellant was represented by counsel throughout his trial and probation revocation hearing. His counsel was asked during the revocation hearing whether there was anything he cared to say, or any evidence he cared to introduce. He said there was not. N.T., 2/14/80 at 3.

Without question, appellant was entitled to written notice of the revocation hearing, and to adequate time to prepare for it. *See Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973); *Commonwealth v. Williams*, 254 Pa.Super. 202, 385 A.2d 979 (1978). Appellant argues that he should not be held to have waived these rights because of his counsel's failure to assert them at the revocation hearing. Appellant found support for this position in several cases decided by this court. *See, Commonwealth v. Kile*, 237 Pa.Super. 72, 346 A.2d 793 (1975); *Commonwealth v. Strat-*

*ton*, 235 Pa.Super. 566, 344 A.2d 636 (1975); *Commonwealth v. Henderson*, 234 Pa.Super. 498, 340 A.2d 483 (1975); *Commonwealth v. Alexander*, 232 Pa.Super. 57, 331 A.2d 836 (1974). Recently, however, the Supreme Court has considered this same issue and, *sub silentio*, has overruled these cases by holding that objections not raised during a counselled revocation proceeding will not be considered on appeal. *Commonwealth v. Collins*, 429 Pa. 405, 424 A.2d 1254 (1981). *See also, Commonwealth v. Quinlan*, 488 Pa. 255, 259 n. 2, 412 A.2d 494, 498 n. 2 (1980) (ROBERTS, J. dissenting) (questioning continued validity of no-waiver rule).

Affirmed.