J-S05016-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| WILLIAM McKINNON, | : | |
| | : | |
| Appellant | : | No. 660 WDA 2014 |

Appeal from the Judgment of Sentence Entered March 27, 2014,
In the Court of Common Pleas of Allegheny County,
Criminal Division, at Nos. CP-02-CR-0006835-2012

BEFORE: DONOHUE, SHOGAN, and STABILE, JJ.

MEMORANDUM BY SHOGAN, J.: **FILED MARCH 05, 2015**

Appellant, William McKinnon, appeals from the judgment of sentence
entered March 27, 2014, in the Court of Common Pleas of Allegheny
County.[1] We affirm.

The trial court summarized the procedural and factual history of this
case, in part, as follows:

> [Appellant] was charged . . . with Aggravated Assault,
> Terroristic Threats and Recklessly Endangering Another Person

---

[1] Appellant's counsel filed a motion to amend the notice of appeal because
the only judgment of sentence at issue in this appeal is that entered at
Docket No. CP-02-CR-0006835-2012. The original notice of appeal filed *pro
se* by Appellant erroneously included two other docket numbers. Although
the counseled notice of appeal correctly reflected the single docket number,
such correction is not reflected in the caption. Because inclusion of the other
docket numbers is a typographical error and does not affect the substance of
the appeal or our review, we grant Appellant's motion to amend the notice of
appeal. The caption has been amended to reflect this correction.

(REAP) in relation to an incident which occurred when [Appellant] picked his then-girlfriend, Bonnie Kramer, up by the throat, choked her for two to three seconds and threatened to kill her. On March 21, 2013, [Appellant] appeared before [the trial court] and, pursuant to a plea agreement with the Commonwealth, pled guilty to Terroristic Threats and REAP. The remaining Aggravated Assault charge was withdrawn by the Commonwealth. [Appellant] was immediately sentenced to time served and a term of probation of two (2) years. No Post-Sentence Motions were filed and no direct appeal was taken.

Trial Court Opinion, 9/26/14, at 1 (internal footnotes omitted).

On July 11, 2013, Appellant appeared for what was entitled a "domestic violence review" hearing. N.T., 7/11/13, at 1-2. At that hearing, the probation officer explained that Appellant had pled guilty to a summary harassment charge. *Id.* at 2. During the course of the hearing, the trial court explained that the hearing was going to be treated as a *Gagnon I*[2] hearing, and the trial court lifted the detainer and continued the probation. *Id.* at 5. No *Gagnon II* hearing was scheduled at that time. *Id.*

No further action was taken in this matter until Appellant appeared for a "review hearing" on March 27, 2014. N.T., 3/27/14, at 1. At the March 27, 2014 hearing, Appellant's probation officer explained to the trial court that Appellant was arrested on September 11, 2013, pled guilty to criminal

---

[2] Due process requires a probationer be given a preliminary (*Gagnon I*) and a final (*Gagnon II*) hearing prior to revoking probation. *Commonwealth v. Knoble*, 42 A.3d 976, 978 n.1 (Pa. 2012) (citing *Gagnon v. Scarpelli*, 411 U.S. 778 (1973)). The *Gagnon* decision has become the common moniker for both parole and probation revocation proceedings. *Commonwealth v. Stafford*, 29 A.3d 800, 801 n.1 (Pa. Super. 2011).

mischief, and was sentenced to time served. *Id.* at 4. Appellant was not detained at that time. *Id.* at 4.

The probation officer further advised that Appellant was also arrested on December 14, 2013, and charged with simple assault and harassment. N.T., 3/27/14, at 4. Those charges were withdrawn, *id.* at 5, but Appellant was detained until March 27, 2014, when he appeared for the review hearing. *Id.* at 1. Following the hearing, the trial court concluded that Appellant had violated his probation and sentenced Appellant to a term of one to three years of imprisonment in a state correctional institution. *Id.* at 10.

Appellant filed a timely post-sentence motion, which the trial court denied on April 4, 2014. This timely appeal followed. Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant presents the following issues for our review:

1. Was Appellant provided the written notice of the alleged probation violations that due process and statutory law require and was Appellant fairly warned that the proceeding scheduled for March 27, 2014, officially labeled as a "Domestic Violence Review Hearing," was in fact, or could become, a *Gagnon II* violation of probation proceeding in which his probation might be revoked?

2. Was the evidence insufficient to sustain the court's revocation of probation in that the record, as certified and forwarded to this Court, reflects that, at the March 27, 2014 proceeding, no witnesses were sworn, no sworn testimony was received and no documentary evidence was offered for admission and received into evidence?

3. In revoking Appellant's probation did the court not rely upon hearsay evidence thereby depriving Appellant of his right to contest the evidence against him and can counsel's failure to object to said use of hearsay be excused by the procedural irregularity of the proceedings?

Appellant's Brief at 3.

"When reviewing the results of a revocation hearing, this Court is limited to determining the validity of those proceedings, and the legality of the judgment of sentence imposed." *Commonwealth v. Heilman*, 876 A.2d 1021, 1026 (Pa. Super. 2005).

Appellant's claims challenge various aspects of the probation revocation hearing. Appellant asserts that he did not receive written notice of the alleged violations or the revocation hearing; that there was insufficient evidence produced at the hearing to support the court's revocation of his probation; and that the trial court improperly relied on hearsay evidence presented at the hearing in deciding that Appellant's probation should be revoked. Appellant's Brief at 7-17.

In addressing Appellant's claims of insufficient evidence and the trial court's reliance upon hearsay evidence, the Commonwealth asserts that, because these issues were not raised by Appellant before the trial court, they are waived. Commonwealth's Brief at 20-21. The Commonwealth further contends that Appellant may obtain review by means of an action

sounding in ineffective assistance of counsel under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. § 9541, *et seq.* ***Id.*** at 21.

A review of the March 27, 2014 hearing transcript reflects no objection regarding any of the three issues Appellant now raises on appeal. N.T., 3/27/14, at 1-11. Additionally, while counsel filed a post-sentence motion on Appellant's behalf, that motion raised the single claim that the court should reconsider its sentence and impose a county sentence that would include mental health treatment. Motion to Reconsider Sentence, 3/31/14, at 1-2. As such, the issues raised on appeal were not raised before the trial court.

In ***Commonwealth v. Collins***, 424 A.2d 1254 (Pa. 1981), our Supreme Court was presented with a similar scenario. Following revocation of his probation, the appellant filed an appeal, raising several objections related to the revocation proceeding. ***Id.*** at 1254. The Court explained:

> Appellant now raises several objections to the violation of probation proceeding. He contends that there was inadequate notice given to him; that he was denied the right to confront adverse witnesses; that he was denied a speedy revocation hearing; and that the sentencing process failed to comport with due process.

***Id.*** In addressing these claims, the Court concluded:

> A review of the record of the counselled revocation proceeding before [the trial court] reflects that these objections were not raised during that proceeding. The failure to interpose these objections at any time in the court below precludes their

consideration on appeal. ***Commonwealth v. Clair***, 458 Pa. 418, 326 A.2d 272 (1974).

***Id.***

As noted, in the case *sub judice*, similar to the case in ***Collins***, Appellant failed to raise these issues with the trial court. Appellant requests that we decline to find waiver based on Appellant's failure to raise these objections with the trial court. Appellant's Brief at 16-17. Appellant maintains that counsel had no reason to believe that the hearing would be treated as a ***Gagnon II*** hearing, and that counsel was likely surprised when the trial court began to impose a sentence. ***Id.*** at 17. Assuming *arguendo* that position could excuse counsel's failure to raise an objection at the hearing, we note that counsel had an opportunity to raise those objections in the post-sentence motion, but failed to do so. Accordingly, we find Appellant's argument unavailing.

Because Appellant failed to raise these issues with the trial court, we are constrained to conclude that they are waived. ***Collins***, 424 at 1254; ***Commonwealth v. King***, 430 A.2d 990 (Pa. Super. 1981) (citing ***Collins*** and holding that objections not raised during a counselled revocation proceeding will not be considered on appeal); ***see also*** Pa.R.A.P. 302(a)

(issues not raised in lower court are waived and cannot be raised for first time on appeal).[3]

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/5/2015

---

[3]  We note Appellant's assertion that "failure to provide written notice is deemed a non-waivable defect," and citation to **Commonwealth v. Quinlan**, 412 A.2d [4]94 (Pa. 1980), in support of that assertion. Appellant's Brief at 7.  Indeed, "[d]ue process requires a probationer receive written notice of the claimed probation violations prior to commencement of the revocation hearing."  **Quinlan**, 412 A.2d at 496.  While earlier cases announced the position that this issue may be raised for the first time on appeal, **see, e.g., Commonwealth v. Alexander**, 331 A.2d 836, 839 (Pa. 1974) (holding that the failure of an alleged probation violator to raise lack of notice at a revocation hearing does not result in waiver of the issue), a panel of this Court in **King**, 430 A.2d at 991, held that **Collins** overruled, *sub silentio*, those cases holding that a written-notice claim could not be waived if it was not raised at the revocation proceeding.  **King**, 430 A.2d at 991.  Thus, this claim lacks merit.