J-S64011-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JORDAN MOORE | : | |
| | : | No. 1133 MDA 2017 |
| Appellant | | |

Appeal from the Judgment of Sentence June 14, 2017
In the Court of Common Pleas of Franklin County
Criminal Division at No(s): CP-28-CR-0001619-2015

BEFORE:   PANELLA, J., SHOGAN, J., and FITZGERALD*, J.

MEMORANDUM BY PANELLA, J.                    **FILED DECEMBER 08, 2017**

Appellant, Jordan Moore, appeals from the judgment of sentence entered in the Franklin County Court of Common Pleas following the revocation of his probation. Additionally, Moore's counsel of record, Jonathan C. Faust, Esquire, has filed a petition to withdrawn from representation and a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009). We affirm the judgment of sentence and grant Attorney Faust permission to withdraw.

The relevant factual and procedural history is as follows. In December 2015, Moore pled guilty to aggravated assault and received a sentence of nine to twenty-three months' imprisonment, followed by a four-year period of probation. In May 2017, while on parole, Moore incurred new charges. Moore stipulated to his receipt of the new charges, admitted he violated the terms of

_____
* Former Justice specially assigned to the Superior Court.

his parole and probation, and waived his right to a revocation hearing. Based upon Moore's stipulation, the revocation court revoked Moore's parole and probation. The revocation court resentenced Moore to a term of time-served to sixty months' imprisonment in a state correctional facility. This timely appeal follows.

Prior to addressing the merits of Appellant's requested appeal, we must first examine Attorney Faust's request to withdraw. Attorney Faust has substantially complied with the mandated procedure for withdrawing as counsel. *See Santiago*, 978 A.2d at 361 (articulating *Anders* requirements); *Commonwealth v. Daniels*, 999 A.2d 590, 594 (Pa. Super. 2010) (providing that counsel must inform client by letter of rights to proceed once counsel moves to withdraw and append a copy of the letter to the petition) (citation omitted). Moore has not filed a response to counsel's petition to withdraw.

Counsel has identified two issues Moore believes entitles him to relief.[1] First, Moore contends that the trial court failed to account for Moore's personal circumstances when imposing a sentence of time served to sixty months' imprisonment at a state correctional facility, rather than Franklin County Jail

_____

[1] Through his statement of questions involved, Attorney Faust claims Moore only challenges the trial court's decision to impose Moore's sentence at a state correctional facility, rather than Franklin County Jail where he would be near family. *See Anders* Brief, at 7. However, our review of the *Anders* brief reveals Moore also wished to challenge the revocation court's ability to revoke probation based upon the filing of new charges. *See id.*, at 11-12. While we could ordinarily find this issue waived, as it is presented in conjunction with an application to withdraw, we will address this contention in our memorandum. *See Commonwealth v. Lilley*, 978 A.2d 995, 998 (Pa. Super. 2009).

as Moore requested. *See Anders* Brief, at 7. This raises a challenge to the discretionary aspects of sentencing.

"A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute." *Commonwealth v. McAfee*, 849 A.2d 270, 274 (Pa. Super. 2004) (citation omitted).

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42. Pa.C.S.A. § 9781(b).

*Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010) (citation omitted; brackets in original).

Here, Attorney Faust has partially complied by preserving Moore's claims in a post-sentence motion and filing a timely notice of appeal. However, Attorney Faust has failed to include a statement of reasons for allowance of appeal pursuant to Pa.R.A.P. 2119(f) in the *Anders* brief.

Ordinarily, we would find this sentencing claim waived. *See Commonwealth v. Kiesel*, 854 A.2d 530, 532-533 (Pa. Super. 2004) (finding challenge to discretionary aspect waived for failure to include a Rule 2119(f) statement). However, in the context of Attorney Faust's petition to

withdraw, we must address Moore's contention. ***See Lilley***, 978 A.2d at 998 (stating that where counsel files an ***Anders*** brief, this Court will review discretionary aspects of sentencing claims that were not otherwise preserved).

"The imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, which, absent an abuse of discretion, will not be disturbed on appeal." ***Commonwealth v. Sierra***, 752 A.2d 910, 913 (Pa. Super. 2000) (internal quotations omitted) (citation omitted). "[T]he trial court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence." ***Commonwealth v. Infante***, 63 A.3d 358, 365 (Pa. Super. 2013) (citation omitted).

Here, the revocation court imposed a sentence within the maximum allowable range. Moore does not challenge the length of the sentence, but rather the trial court's failure to adequately consider his personal circumstances in rejecting his preferred place of confinement. Technically, this claim does not raise a substantial question for our review. ***See Commonwealth v. Buterbaugh***, 91 A.3d 1247, 1266 (Pa. Super. 2014) (*en banc*) (finding claim that a sentencing court failed to adequately consider certain mitigating factors generally does not raise a substantial question).

In any event, we cannot find any support for Moore's claim that a revocation court is required to consider a defendant's preferred place of

confinement, Moore fails to recognize that the revocation court considered exactly that. Here, the revocation court stated:

> Mr. Moore, notwithstanding your family issues, and we understand them, but what is quite clear to the Court, based on everything I have seen in the summary of your violations, is that you do not value your family as much as you would purport to today. The reason I say that is if your family was as important as you make them out to be today, you would not be doing the things that you're doing in the sense of violating supervision. ...

N.T., Revocation Hearing, 6/14/16 at 6. Moore fails to show how the court's actions in rejecting his request to stay close to family at Franklin County Jail constitutes an abuse of discretion. Thus, Moore's challenge to the discretionary aspects of his sentence fails.

Finally, counsel indicated Moore wished to challenge the revocation court's authority to revoke his probation prior to his conviction on new charges. **See Anders** Brief, at 11-12. We initially note that Moore waived this challenge by failing to raise it during his revocation hearing. **See Commonwealth v. King**, 430 A.2d 990, 991 (Pa. Super. 1981) ("[O]bjections not raised during a counseled revocation proceeding will not be considered on appeal.") However, even if Moore properly preserved this issue, a revocation court may hold a violation of probation hearing following a probationer's receipt of new charges, and revoke probation, prior to the disposition of the new charges. **See Commonwealth v. Kates**, 305 A.2d 701, 706 (Pa. 1973). Here, Moore cannot claim the trial court incorrectly found he violated the conditions of his parole and probation because he *stipulated* to

these violations. Thus, because the revocation court was entitled to hold a revocation proceeding prior to the disposition of Moore's new charges, Moore's claim fails.

After examining the issues contained in the **Anders** brief and undertaking an independent review of the record, we concur with counsel's assessment that the appeal is wholly frivolous.

Judgment of sentence affirmed. Petition to withdraw as counsel granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/10/2017