J-S64010-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JORDAN MOORE | : | |
| | : | No. 1049 MDA 2017 |
| Appellant | | |

Appeal from the Judgment of Sentence June 14, 2017
In the Court of Common Pleas of Franklin County
Criminal Division at No(s):  CP-28-CR-0001619-2016

BEFORE:   PANELLA, J., SHOGAN, J., and FITZGERALD*, J.

MEMORANDUM BY PANELLA, J.                    **FILED DECEMBER 19, 2017**

Appellant, Jordan Moore, appeals from the judgment of sentence entered in the Franklin County Court of Common Pleas following the revocation of his probation. Additionally, Appellant's counsel of record, Jonathan C. Faust, has filed a petition to withdraw from representation and a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009). We affirm the judgment of sentence, and grant Attorney Faust permission to withdraw.

The relevant factual and procedural history is as follows. In October 2016, Appellant pled guilty to defiant trespass and received a sentence of nine months' probation. While on probation for this charge, Appellant incurred new charges. Appellant stipulated to receiving the new charges, admitted that he violated the terms of his probation, and waived his right to a revocation

_____

* Former Justice specially assigned to the Superior Court.

hearing. Based on this stipulation, the court revoked Appellant's probation, and resentenced him to a new term of one day to twelve months' incarceration in a state correctional facility. Appellant filed a post-sentence motion challenging the discretionary aspects of his sentence, which the court denied. This timely appeal is now before us.

Prior to addressing the merits of this appeal, we must first examine Attorney Faust's request to withdraw. Attorney Faust has substantially complied with the mandated procedure for withdrawing as counsel. *See Santiago*, 978 A.2d at 361 (articulating *Anders* requirements); *Commonwealth v. Daniels*, 999 A.2d 590, 594 (Pa. Super. 2010) (providing that counsel must inform client by letter of rights to proceed once counsel moves to withdraw and append a copy of the letter to the petition). Appellant filed a response to counsel's petition to withdraw.[1]

Counsel has identified two issues Appellant believes entitle him to relief.[2] First, Appellant contends the court failed to adequately account for his

---

[1] In his response, Appellant avers counsel erred by failing to request a change of venue. Appellant claims he has an active civil case against Franklin County for an alleged violation of his civil rights. Appellant fails to include any documentation to prove his supposed conflict; notwithstanding that lapse, challenges to counsel's effectiveness are to be raised at the post-conviction stage. *See Commonwealth v. Grant*, 813 A.2d 726, 738 (Pa. 2002) ("We now hold that, as a general rule, a petitioner should wait to raise claims of ineffective assistance of trial counsel until collateral review.") *See also Commonwealth v. Holmes*, 79 A.3d 562 (Pa. 2013).

[2] Through his statement of questions involved, Attorney Faust claims Appellant only challenges the court's decision to impose Appellant's sentence at a state

personal circumstances when imposing a sentence of one day to twelve months' imprisonment at a state correctional facility, rather than Franklin County Jail as Appellant requested. *See Anders* Brief, at 7. This raises a challenge to the discretionary aspects of sentencing.

"A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute." *Commonwealth v. McAfee*, 849 A.2d 270, 274 (Pa. Super. 2004) (citation omitted).

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42. Pa.C.S.A. § 9781(b).

*Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010) (citation omitted; brackets in original).

---

correctional facility, rather than Franklin County Jail where he would be near family. *See Anders* Brief, at 7. However, our review of the *Anders* brief reveals Appellant also wished to challenge the revocation court's ability to revoke probation based upon the filing of new charges. *See id*., at 11-12. While we may ordinarily find this issue waived, as it is presented in conjunction with an application to withdraw, we will address this contention in our memorandum. *See Commonwealth v. Lilley*, 978 A.2d 995, 998 (Pa. Super. 2009).

Here, Attorney Faust has partially complied by preserving Appellant's claims in a post-sentence motion and filing a timely notice of appeal. However, Attorney Faust has failed to include a statement of reasons for allowance of appeal pursuant to Pa.R.A.P. 2119(f) in the *Anders* brief.

Ordinarily, we would find this sentencing claim waived. *See Commonwealth v. Kiesel*, 854 A.2d 530, 532-533 (Pa. Super. 2004) (finding challenge to discretionary aspect waived for failure to include a Rule 2119(f) statement). However, in the context of Attorney Faust's petition to withdraw, we must address Appellant's contention. *See Lilley*, 978 A.2d at 998 (stating that where counsel files an *Anders* brief, this Court will review discretionary aspects of sentencing claims that were not otherwise preserved).

"The imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, which, absent an abuse of discretion, will not be disturbed on appeal." *Commonwealth v. Sierra*, 752 A.2d 910, 913 (Pa. Super. 2000) (internal quotations omitted) (citation omitted). "[T]he trial court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence." *Commonwealth v. Infante*, 63 A.3d 358, 365 (Pa. Super. 2013) (citation omitted).

The revocation court here imposed a sentence within the maximum allowable range. Appellant maintains the court failed to adequately consider his preferred location for confinement, which he claims violated the fundamental norms of sentencing and thus raises a substantial question for

our review. A claim that a sentencing court failed to adequately consider certain mitigating factors does not raise a substantial question. *See Commonwealth v. Buterbaugh*, 91 A.3d 1247, 1266 (Pa. Super. 2014) (*en banc*).

In any event, Appellant is mistaken. The revocation court considered Appellant's preferred place of confinement, though it was not required to do so. In so deliberating, the court stated:

> [Appellant], notwithstanding your family issues, and we understand them, but what is quite clear to the Court, based on everything I have seen in the summary of your violations, is that you do not value your family as much as you would purport to today. The reason I say that is if your family was as important as you make them out to be today, you would not be doing the things that you're doing in the sense of violating supervision. ...

N.T., Revocation Hearing, 6/14/16 at 6.

Appellant fails to show how the court's rejection of his request to remain at Franklin County Jail to stay close to his family constitutes an abuse of discretion. Thus, his challenge to the discretionary aspects of his sentence fails.

Finally, counsel indicates Appellant wishes to challenge the revocation court's authority to revoke his probation prior to his conviction on new charges. *See Anders* Brief, at 11-12. Appellant waived this challenge by failing to raise it during his revocation hearing. *See Commonwealth v. King*, 430 A.2d 990, 991 (Pa. Super. 1981) ("[O]bjections not raised during a counseled revocation proceeding will not be considered on appeal.")

However, even if Appellant had properly preserved this issue, it lacks merit. A revocation court may hold a violation of probation hearing following a probationer's receipt of new charges, and revoke probation prior to the disposition of the new charges. **See Commonwealth v. Kates**, 305 A.2d 701, 706 (Pa. 1973). Here, Appellant cannot claim the trial court incorrectly found he violated the conditions of his parole and probation because he stipulated to these violations. Thus, because the revocation court was entitled to revoke Appellant's probation prior to the disposition of his new charges, this claim fails.

After examining the issues contained in the **Anders** brief and undertaking an independent review of the record, we concur with counsel's assessment that the appeal is wholly frivolous.

Judgment of sentence affirmed. Petition to withdraw as counsel granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/19/2017