J-S80039-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| KYLIEFF BROWN, | : | |
| | : | |
| Appellant | : | No. 3398 EDA 2016 |

Appeal from the Judgment of Sentence September 23, 2016
in the Court of Common Pleas of Philadelphia County,
Criminal Division at No(s):  CP-51-CR-0001530-2008

BEFORE:  BOWES, J., SHOGAN, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:                    **FILED APRIL 06, 2018**

Kylieff Brown ("Brown") appeals from the judgment of sentence imposed following the revocation of his probation.  We affirm.

On May 29, 2012, Brown entered a negotiated guilty plea, at CP-51-CR-0010456-2009 ("No. 10456-2009"), to robbery and criminal conspiracy,[1] and at CP-51-CR-0001530-2008 ("No. 1530-2008"), to possession with intent to deliver a controlled substance ("PWID")[2] and criminal conspiracy. Pursuant to the plea agreement, the trial court sentenced Brown, at No. 10456-2009, to two concurrent terms of 2 to 5 years in prison, and at No. 1530-2008, to two concurrent terms of 3 years of probation, to be served consecutive to the sentence imposed at No. 10456-2009.

---

[1] 18 Pa.C.S.A. §§ 3701, 903.

[2] 35 P.S. § 780-113(a)(30).

In December 2013, while serving parole at No. 10456-2009, Brown was arrested and charged with various offenses. Following a jury trial, Brown was convicted of PWID. On September 9, 2016, the trial court sentenced Brown to a term of 40 to 80 months in prison for his new PWID conviction.[3]

The trial court conducted a *Gagnon II*[4] hearing on September 23, 2016, during which Brown was found to be in violation of his probation at No. 1530-2008. As a result of the violation, the trial court revoked Brown's probation, and sentenced him, at No. 1530-2008, to two consecutive terms of 2 to 4 years in prison, to be served consecutive to the sentence imposed for his 2016 conviction.

On September 28, 2016, Brown filed a *pro se* Notice of Appeal. Brown, through counsel, filed a timely Petition to Reconsider Sentence. On October 24, 2016, before the trial court ruled on his Petition to Reconsider

---

[3] The sentence imposed following his 2016 conviction is not at issue in the instant appeal.

[4] *Gagnon v. Scarpelli*, 411 U.S. 778 (1973).

Sentence, Brown filed a timely, counseled Notice of Appeal.[5, 6]  The trial

court subsequently ordered Brown to file a Pa.R.A.P. 1925(b) concise

statement of errors complained of on appeal, and Brown timely complied.

On appeal, Brown raises the following questions for our review:

I. Did [] the [trial] court abuse its discretion in ordering [Brown] to serve an aggregate four to eight years [of] incarceration[,] consecutive to a forty to eighty month sentence[,] where it did not consider [Brown's] rehabilitative needs or the nature of the violation[,] and further failed to list reasons for its sentence on the record?

II. Did [] the [trial] court's sentencing procedure violate [Brown's] due process rights by failing to provide him written notice of the nature of the claimed violations of probation before his *Gagnon II* hearing?

Brief for Appellant at 4.

In his first claim, Brown asserts that the trial court abused its

discretion by imposing a manifestly excessive aggregate sentence, and

"failed to balance the nature of the violation of supervision with his

rehabilitative needs." *Id.* at 13.  Brown points out that the 2016 conviction

was his first violation of probation, and claims that the trial court should

---

[5] On November 21, 2016, this Court issued an Order dismissing Brown's first, *pro se* Notice of Appeal.

[6] Because the 30th day following the imposition of Brown's revocation sentence fell on a Sunday, Brown's Notice of Appeal, filed the following day, was timely.  *See* 1 Pa.C.S.A. § 1908; *see also* Pa.R.Crim.P. 708(E) (providing that the filing of a motion to modify a sentence imposed following the revocation of probation will not toll the 30-day appeal period).

have considered Brown's needs for drug treatment, employment, and continued education. *Id.* at 14. Additionally, Brown argues that the trial court failed to adequately state, on the record, its reasons for imposing the sentence. *Id.* at 18.

Brown's claim challenges the discretionary aspects of his sentence imposed following the revocation of his probation. "Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." *Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010).

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> We conduct a four-part analysis to determine: (1) whether the appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether the appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).
>
> * * *
>
> The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.

*Moury*, 992 A.2d at 170 (quotation marks and some citations omitted).

In the instant case, Brown filed a timely Notice of Appeal, preserved his claims in his Petition to Reconsider Sentence, and included in his appellate brief a separate Rule 2119(f) Statement. Accordingly, we will review Brown's Rule 2119(f) Statement to determine whether he has raised a substantial question.

In his Rule 2119(f) Statement, Brown contends that his "sentence is longer than what is necessary to protect the public or to address [his] rehabilitative needs[,]" and that the trial court failed to adequately weigh the gravity of the offense. Brief for Appellant at 11. Brown claims that, because the trial court ordered that Brown serve his probation revocation sentence consecutive to his sentence for the 2016 conviction, his aggregate sentence is excessive. *Id.* at 11-12. Additionally, Brown asserts that the trial court "failed to state adequate reasons on the record to explain this sentence and why it was ordered to run consecutive." *Id.* at 12.

Taken together, Brown's claims raise a substantial question. *See Commonwealth v. Swope*, 123 A.3d 333, 340 (Pa. Super. 2015) (concluding that a "challenge to the imposition of [] consecutive sentences as unduly excessive, together with [a] claim that the court failed to consider [] rehabilitative needs and mitigating factors upon fashioning its sentence, presents a substantial question."); *see also Commonwealth v. Catrette*, 83 A.3d 1030, 1042 (Pa. Super. 2013) (stating that a claim that the trial court imposed a sentence that is inconsistent with the gravity of the violation, the need for public protection, or an appellant's need for

rehabilitation raised a substantial question); ***Commonwealth v. Parlante***, 823 A.2d 927, 929 (Pa. Super. 2003) (concluding that claims that trial court, after revoking probation, imposed a sentence that was grossly disproportionate to the crimes, failed to consider appellant's background and the nature of the offenses, and failed to provide adequate reasons for the sentence on the record raised a substantial question). Thus, we will consider the merits of Brown's claims.

Our standard of review is well-settled:

> The imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal. An abuse of discretion is more than an error in judgment—a sentencing court has not abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will.

***Commonwealth v. Colon***, 102 A.3d 1033, 1043 (Pa. Super. 2014) (citation omitted).

> The reason for this broad discretion and deferential standard of appellate review is that the sentencing court is in the best position to measure various factors and determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it. Simply stated, the sentencing court sentences flesh-and-blood defendants and the nuances of sentencing decisions are difficult to gauge from the cold transcript used upon appellate review. Moreover, the sentencing court enjoys an institutional advantage to appellate review, bringing to its decisions an expertise, experience, and judgment that should not be lightly disturbed.
>
> The sentencing court's institutional advantage is, perhaps, more pronounced in fashioning a sentence following the revocation of probation, which is qualitatively different than an

initial sentencing proceeding.  At initial sentencing, all of the rules and procedures designed to inform the court and to cabin its discretionary sentencing authority properly are involved and play a crucial role.  However, it is a different matter when a defendant appears before the court for sentencing proceedings following a violation of the mercy bestowed upon him in the form of a probationary sentence.  For example, in such a case, contrary to when an initial sentence is imposed, the Sentencing Guidelines do not apply, and the revocation court is not cabined by Section 9721(b)'s requirement that "the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant."  42 Pa.C.S.A. § 9721.

*Commonwealth v. Pasture*, 107 A.3d 21, 27 (Pa. 2014) (some citations and quotation marks omitted).

Upon revocation of probation, a sentencing court may choose from any of the sentencing options that existed at the time of the original sentence, including incarceration.  42 Pa.C.S.A. § 9771(b).  However, the imposition of total confinement upon revocation requires a finding that either "(1) the defendant has been convicted of another crime; or (2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or (3) such a sentence is essential to vindicate the authority of the court."  *Id.* § 9771(c).

Moreover, "[i]n every case in which the court … resentences an offender following revocation of probation, … the court shall make as part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed."  *Id.* § 9721(b); *see also* Pa.R.Crim.P. 708(D)(2) (providing that "[t]he judge shall state on the

record the reasons for the sentence imposed."). However, following revocation of probation, a sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statutes in question. **See Pasture**, 107 A.3d at 28 (stating that "since the defendant has previously appeared before the sentencing court, the stated reasons for a revocation sentence need not be as elaborate as that which is required at initial sentencing.").

Here, the trial court sentenced Brown to two consecutive terms of 2 to 4 years in prison following the revocation of his probation. Brown's post-revocation sentence is within statutory bounds, and is based on a new criminal charge. **See** 42 Pa.C.S.A. § 9771(b), (c). Moreover, at the **Gagnon II** hearing, the prosecutor indicated that Brown was still serving his parole at the time of the 2016 conviction. **See** N.T., 9/23/16, at 6. The prosecutor also noted that Brown had committed four disciplinary infractions while he was in state prison, and an additional four infractions since he had been in custody. **See id.** at 14. Additionally, Brown testified that while he was reporting, all of his drug tests were negative; he had two jobs; and he was going to school part-time. **See id.** at 11.

Further, the trial court stated that it was imposing the sentence it would have imposed for the underlying conviction, had it not accepted the negotiated guilty plea. **See id.** at 16. In its Opinion, the trial court also noted that Brown's plea agreement for the underlying charge "afforded

[Brown] a substantial benefit by his not having to now face a violation of probation on the robbery charge." Trial Court Opinion, 6/23/17, at 12. The trial court stated that "[Brown], by his actions, has demonstrated that he is prone to violence and poses a risk to society." *Id.* at 13.

Based upon the foregoing, we conclude that the record confirms that the trial court was provided with sufficient information to make a fully informed sentencing decision following the revocation of Brown's probation. Additionally, we conclude that Brown's aggregated post-revocation sentence of 4 to 8 years in prison is not manifestly excessive, and "the court was free to impose the sentence consecutively to his other sentences for the crimes he committed while on probation." *Swope*, 123 A.3d at 341. Discerning no abuse of discretion by the trial court, we will not disrupt Brown's sentence on appeal.

In his second claim, Brown argues that his due process rights were violated because he did not receive adequate written notice of the alleged probation violations prior to the *Gagnon II* hearing. Brief for Appellant at 21. Brown claims that he received written notice on the day of the hearing, and therefore, he was denied adequate time to prepare for the hearing. *Id.* at 22.

"Without question, [Brown] was entitled to written notice of the revocation hearing, and adequate time to prepare for it." *Commonwealth v. King*, 430 A.2d 990, 991 (Pa. Super. 1981) (citing *Gagnon*, *supra*).

However, a claim concerning improper notice and inadequate time to prepare may be waived if a defendant fails to raise objections during the probation revocation hearing. *See King*, 430 A.2d at 991 (citing *Commonwealth v. Collins*, 424 A.2d 1254, 1254 (Pa. 1981), and holding that objections not raised during a counselled revocation proceeding will not be considered on appeal).

Our review of the transcripts reveals that Brown did not enter any objections at the hearing, nor did he specifically allege that he had been given inadequate notice by the sentencing court. Thus, Brown's second claim is waived. *See King*, *supra*; *see also Collins*, 424 A.2d at 1254.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/6/18