J-S21005-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| AQUIL JOHNSON | |
| Appellant | No. 450 EDA 2018 |

Appeal from the Judgment of Sentence Entered March 15, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0004929-2007

BEFORE:  STABILE, MURRAY, JJ., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY STABILE, J.:                         **FILED JULY 17, 2019**

Appellant, Aquil Johnson, *pro se*, appeals *nunc pro tunc* from the March 15, 2013 judgment of sentence imposing three and one-half to seven months of incarceration consecutive to a sentence on another conviction following Appellant's violation of probation ("VOP").  We affirm.

The record reveals that Appellant pled guilty, on December 18, 2007, to one count of false identification to law enforcement.[1]  Judge George W. Overton sentenced Appellant to one year of probation immediately after the plea.  Appellant did not file a post-sentence motion or direct appeal from that sentence.

---

[1] 18 Pa.C.S.A. § 4914.

On September 25, 2008, Appellant was arrested for attempted murder and related offenses. Judge Christopher Wogan presided over a January 11, 2013 trial at which the jury found Appellant guilty. On March 15, 2013, Judge Wogan sentenced Appellant to an aggregate 43 to 86 years of incarceration in the attempted murder case. At the same proceeding, Judge Wogan sentenced Appellant to three and one-half to seven months of incarceration for the instant VOP. According to the June 11, 2018 Pa.R.A.P. opinion of Judge Sean F. Kennedy, supervision of Appellant's probation was transferred to Judge Wogan after Judge Overton was reassigned to the Family Division of the Philadelphia Court of Common Pleas. Trial Court Opinion, 6/1/18, at 2, 29.

Appellant did not file a direct appeal, but he filed a timely first PCRA petition on January 17, 2014 seeking reinstatement of his direct appeal rights. Appointed counsel filed several amended petitions, and on January 11, 2018, the PCRA court entered an order granting the requested relief. Appellant thereafter filed a *pro se* post-sentence motion on January 17, 2018 claiming that his December 18, 2007 guilty plea was invalid. He filed a supplemental post-sentence motion on January 22, 2018 claiming that Judge Wogan should have recused himself because of his demonstrated bias toward Appellant. Appellant filed this timely *nunc pro tunc* direct appeal on February 2, 2018.

On March 15, 2018, the trial court held a **Grazier**[2] hearing and permitted Appellant to proceed *pro se*.

Appellant presents eight questions for our review. The first three address the validity of his December 18, 2007 guilty plea.[3] Appellant's Brief at 4. The record reveals that the PCRA court's January 11, 2018 order reinstated only Appellant's right to file a direct appeal from the sentence imposed after the VOP proceeding. The order did not permit Appellant to file a *nunc pro tunc* post-sentence motion. Reinstatement of the right to file a direct appeal does not carry with it the right to file a *nunc pro tunc* post-sentence motion; the PCRA court must expressly grant the right to file a *nunc pro tunc* post sentence motion. **Commonwealth v. Capaldi**, 112 A.3d 1242, 1245 (Pa. Super. 2015). The trial court therefore had no jurisdiction to entertain Appellant's post-sentence motions of January 17 and 22 of 2018. Furthermore, the Rules of Appellate Procedure provide that any issue not raised in the trial court is waived on appeal. Pa.R.A.P. 302(a). To the extent Appellant challenges counsel's performance in connection with his guilty plea, that issue is not properly before us in this direct appeal. **Commonwealth v. Holmes**, 79 A.3d 562 (Pa. 2013).

---

[2] **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998).

[3] Appellant's Brief expressly withdraws the second of these three questions. Appellant's Brief at 4.

Furthermore, Appellant does not explain how the validity of his December 2007 guilty plea is reviewable on appeal from a sentence imposed after a VOP proceeding. On review of a sentence imposed after a VOP proceeding, "our review is limited to determining the validity of the probation revocation proceedings and the authority of the sentencing court to consider the same sentencing alternatives that it had at the time of the initial sentencing." **Commonwealth v. McNeal**, 120 A.3d 313, 322 (Pa. Super. 2015).

In his fourth question presented, Appellant claims his sentence is illegal because Judge Wogan failed to give proper credit for time served and therefore imposed a sentence greater than the lawful maximum. This argument is non-waivable so long as the reviewing court has jurisdiction. **Commonwealth v. Edrington**, 780 A.2d 721, 723 (Pa. Super. 2001). The judicial code provides:

> Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based. Credit shall include credit for time spent in custody prior to trial, during trial, pending sentence, and pending the resolution of an appeal.

42 Pa.C.S.A. § 9760(1). Upon revocation of probation, a sentencing court may impose any sentence that was available as of the initial sentencing. **Commonwealth v. Mazzetti**, 44 A.3d 58, 61 (Pa. 2012). The sentencing court must consider the time the defendant spent on probation, but the court

is not required to give credit for that time. ***Commonwealth v. Crump***, 995 A.2d 1280, 1284 (Pa. Super. 2010), ***appeal denied***, 13 A.3d 475 (Pa. 2010).

The statutory maximum punishment for false identification, a third-degree misdemeanor, is one year. 18 Pa.C.SA. § 1104(3). Appellant claims he spent 93 days incarcerated on the present charge before his bail was posted. Appellant's Brief at 19. At the VOP sentencing, the trial court imposed 3½ to 7 months of incarceration. Appellant has failed to establish that his sentence exceeded the statutory maximum, because upon completion of his sentence he will have served, at most, ten months and three days of incarceration, or nearly two months less than the statutory maximum. The sentencing court need not give credit for time served where the time served plus the new sentence does not exceed the statutory maximum. ***Crump***, 995 A2d at 1285. Appellant's argument fails.

Next, Appellant argues that the sentencing court violated his constitutional rights by failing to give him notice of the VOP sentencing and failing to ensure that his counsel was present at sentencing. At the March 15, 2013 sentencing, Judge Wogan imposed sentence for attempted murder and related convictions, and also imposed the VOP sentence presently at issue. Appellant claims Judge Wogan *sua sponte* imposed the instant sentence without notice. Appellant also claims the attorney present at the sentencing proceeding was his counsel for the attempted murder prosecution, but not for this matter. The Pennsylvania Rules of Criminal Procedure forbid revocation

of probation unless the trial court has conducted a hearing at which the defendant is present and represented by counsel.  Pa.R.Crim.P. 708(B)(1).

The certified docket reflects that Joseph Lento was Appellant's counsel for the March 15, 2013 VOP sentencing.[4]  Lento and Appellant were present at the hearing.  Appellant lodged no objection to his lack of notice of the VOP sentencing proceeding, nor did he object to having Lento represent him.  He cannot raise these issues for the first time on appeal.  Pa.R.A.P. 302(a); *Commonwealth v. King*, 430 A.2d 990, 991 (Pa. Super. 1991) (noting that lack of notice of a revocation hearing is a waivable issue).  Further, Appellant's brief does not develop any legal argument with regard to his alleged lack of notice of the VOP sentencing.  Failure to support an argument with pertinent legal authority results in waiver.  Pa.R.A.P. 2119(b); *Commonwealth v. Antidormi*, 84 A.3d 736, 754 (Pa. Super. 2014), *appeal denied*, 95 A.3d 275 (Pa. 2014).  Appellant cannot obtain relief on this argument.[5]

Next, Appellant argues that Judge Wogan improperly assumed jurisdiction over Appellant's probation, a sentence originally imposed by Judge Overton.  He relies on this Court's opinion in *McNeal*, in which this Court

---

[4] Earlier docket entries reflect that Daine Arthur Gray counseled Appellant in connection with his guilty plea, and the docket does not reflect Gray's withdrawal or Lento's entry of appearance.  Regardless, the docket reflects that Appellant was counseled.  The transcript for the March 15, 2013 proceeding also lists Lento as counsel for Appellant.

[5] The trial court's opinion addresses the effectiveness of Lento's assistance, but that question is not properly before us on direct appeal.  *Holmes*.

- 6 -

sharply criticized Judge Wogan for assuming jurisdiction over a probationary sentence imposed by another judge. In **McNeal**, Judge Wogan presided over a burglary prosecution that resulted in McNeal's violation of an earlier probation sentence imposed by another judge. **McNeal**, 120 A.3d at 317. Judge Wogan stated from the bench that, during a telephone conversation with the other judge about an unrelated matter, the other judge agreed to transfer supervision of McNeal's probation. **Id.** at 320. The **McNeal** court relied on Rule 700 of the Rules of Criminal Procedure, which provides that the judge who presides at trial or receives a guilty plea should be the judge who imposes sentence, absent extraordinary circumstances. Pa.R.Crim.P. 700(A). We acknowledged that Rule 700 does not expressly govern sentences imposed after a VOP proceeding, but we applied it so as not to "afford trial judges unbridled and essentially unchallengeable authority to shuffle cases between themselves without the knowledge, consent, or opportunity to be heard of the parties." **McNeal**, 120 A.3d at 323. We noted that nothing in the record indicated that the prior judge was "away, ill, or unavailable to address his docket." **Id.** The transfer of the case from one judge to another "did not occur based upon some extraordinary circumstance, but rather mere happenstance." **Id.** at 324.

We find Appellant's argument unavailing for several reasons. First, Appellant did not object to having Judge Wogan preside over the VOP sentence, and therefore he is raising this issue for the first time on appeal in

violation of Pa.R.A.P. 302(a). Second, *McNeal* is inapposite because the instant record does not reflect two judges transferring a case between themselves without the knowledge or consent of the parties. Rather, Judge Overton had been transferred out of the criminal division of the Philadelphia County Court of Common Pleas before Appellant's VOP sentencing occurred. Had Judge Overton been sitting in the criminal division at the time of the VOP proceeding, *McNeal* would require us to consider whether extraordinary circumstances justified the transfer of this case to Judge Wogan. But because the record indicates that Judge Wogan assumed supervision of Appellant's probation after Judge Overton's transfer to another division, we conclude *McNeal* is inapplicable.

For his seventh argument, Appellant claims Judge Wogan should have *sua sponte* recused himself from this case because of his obvious bias against Appellant. Appellant relies on *DiMonte v Neumann Med. Ctr*, 751 A.2d 205 (Pa. Super. 2000) for the proposition that no objection from Appellant was necessary in this case. Assuming without deciding that Appellant is correct in that regard, he still cannot obtain relief. All of Appellant's record citations in support of this argument come from the attempted murder trial, docketed at number 1587 of 2009. The only overlap between this proceeding and the attempted murder trial occurred at the March 15, 2013 sentencing. Appellant does not argue that Judge Wogan exhibited any biased behavior at that proceeding, nor does he argue how the instant 3½ to 7 month sentence was

the product of Judge Wogan's bias against him. The exchanges that occurred between Judge Wogan and Appellant at the attempted murder trial are not of record in this matter. We therefore conclude that Appellant has failed to support his argument of bias in this case with pertinent record citations, in violation of Pa.R.A.P. 2119(c). Judge Wogan's behavior at the attempted murder trial is a matter properly addressed to a panel with jurisdiction over that case.

Finally, Appellant argues that all of the previous assertions of error violated various constitutional rights. Having concluded that Appellant either failed to preserve or failed to demonstrate merit in any of his assertions of error, we need not address Appellant's final argument.

Based on all of the foregoing, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judge Murray joins this memorandum.

President Judge Emeritus Ford Elliott concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/17/19