J-A22029-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA　　:　　IN THE SUPERIOR COURT OF
　　　　　　　　　　　　　　　　:　　　　　PENNSYLVANIA
　　　　　　　　　　　　　　　　:
　　　　　　　v.　　　　　　　　:
　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　:
EDWARD I. HORNING　　　　　　　:
　　　　　　　　　　　　　　　　:
　　　　　　Appellant　　　　　　:　　No. 507 MDA 2020

Appeal from the Judgment of Sentence Entered February 18, 2020
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s):  CP-22-CR-0001071-2011

BEFORE:  SHOGAN, J., STABILE, J., and MURRAY, J.

MEMORANDUM BY SHOGAN, J.:　　　　　　　**FILED FEBRUARY 08, 2021**

Appellant, Edward I. Horning, appeals from the judgment of sentence entered on February 18, 2020, following the revocation of his probation.[1] After review, we affirm.

On March 1, 2011, the Commonwealth charged Appellant with twenty-two counts of possessing or viewing child pornography.[2]  On November 22, 2011, the trial court sentenced Appellant as follows: at count one, one to two years of incarceration; at counts two through twenty-two, ten years of probation at each count to run concurrently to one another and consecutively

_____

[1] On December 30, 2020, we remanded this matter to the trial court for a supplemental opinion.  The trial court complied in an expeditious manner and filed its supplemental opinion on January 6, 2021.

[2] 18 Pa.C.S. § 6312(d).

to the sentence imposed at count one.  Sentencing Order, 11/22/11.  This resulted in an aggregate sentence of one to two years of incarceration, followed by ten years of probation.  *Id.*

Appellant filed an appeal alleging that the ten-year sentences of probation were illegal because the offenses were graded as felonies of the third degree and carried a maximum penalty of seven years.  18 Pa.C.S § 1102(3).  The trial court confirmed that it agreed that Appellant's ten-year probationary sentences were illegal.  Trial Court Correspondence, 4/22/16.  Upon review, we remanded Appellant's case to the trial court for resentencing.  Order, 6/2/16.

On June 30, 2016, the trial court resentenced Appellant as follows. At count one: the sentence is completed, and it is closed; at count two: the trial court noted that Appellant's probation at this count had been revoked previously and on January 19, 2016, Appellant was resentenced to a term of one and one-half to three years of incarceration and that sentence remains in effect; at count three: sixty months of probation consecutive to count two; at count four: sixty months of probation consecutive to count three; and at counts five through twenty-two: sixty months of probation concurrent with each other and concurrent with count three.  Sentencing Order, 6/30/16.

While Appellant remained on probation at count three, the Commonwealth alleged that Appellant was in violation of the terms of his probation.  On February 18, 2020, the trial court revoked Appellant's probation

and resentenced him. The trial court ordered that Appellant's probation at count three was revoked and imposed a sentence of twenty-four to sixty months of incarceration. Sentencing Order, 2/18/20. At count four, the probationary term that ran consecutively to count three was ordered to remain in effect, and the probationary sentences at counts five through twenty-two remain unchanged. *Id.*

Appellant filed a timely post-sentence motion requesting that his sentence of incarceration be amended to a term of electronic home monitoring and that the probationary sentences be ordered to run concurrently. On March 16, 2020, the trial court denied Appellant's post-sentence motion. Appellant filed a timely appeal on March 18, 2020, and both the trial court and Appellant complied with Pa.R.A.P. 1925.

On appeal, Appellant presents one issue for our consideration:

1. The Commonwealth alleged that Appellant violated the terms of his supervision because he viewed pornography and possessed a weapon. The testimony, however, did not prove that what Appellant viewed was pornography and it did not prove that he possessed a weapon. Nevertheless, the violation court found violations. Did it abuse its discretion?

Appellant's Brief at 4.

Our Supreme Court has explained that 42 Pa.C.S. § 9771 allows for termination of supervision or modification of the conditions of probation at any time. *Commonwealth v. Foster*, 214 A.3d 1240, 1249-1250 (Pa. 2019). "Revocation of probation, however, is sanctioned only 'upon proof of the

violation of specified conditions of the probation.'" *Id.* at 1250 (quoting 42 Pa.C.S. § 9771(b)).

"[I]n an appeal from a sentence imposed after the court has revoked probation, we can review the validity of the revocation proceedings, the legality of the sentence imposed following revocation, and any challenge to the discretionary aspects of the sentence imposed." *Commonwealth v. Wright*, 116 A.3d 133, 136 (Pa. Super. 2015) (quoting *Commonwealth v. Cartrette*, 83 A.3d 1030, 1033 (Pa. Super. 2013) (*en banc*)); 42 Pa.C.S. § 9771. Revocation of probation is a matter committed to the sound discretion of the trial court, and that decision will not be disturbed on appeal in the absence of an error of law or an abuse of discretion. *Commonwealth v. Smith*, 669 A.2d 1008, 1011 (Pa. 1996).

Appellant contends that the evidence was insufficient to prove that he violated the terms of his probation. Appellant's Brief at 9. A challenge to the sufficiency of the evidence supporting the revocation of probation is a question of law subject to plenary review. *Commonwealth v. Perreault*, 930 A.2d 553, 558 (Pa. Super. 2007). We must determine whether the evidence admitted at the revocation hearing and all reasonable inferences drawn therefrom, when viewed in the light most favorable to the Commonwealth, is sufficient to support the conclusion that the probationer violated the terms of his probation. *Id.*

The trial court addressed Appellant's claim of error, as follows:

Dauphin County Probation filed a revocation hearing request(s) on January 17, 2020.[1] Appellant was accused of committing the following violations: Rule 11) Appellant may not possess...any contraband such as: drugs, firearms, ammunition or other weapons (during a field visit, the Appellant was in possession of an extremely large hunting knife that was laying beside his bedside table); Sexual Offender Rule 1) Appellant was to participate in treatment for sexual offenders as directed by the Probation Office and to comply with all rules and conditions provided by the treatment provider (the Appellant was discharged unsuccessfully from Triad Treatment Specialist on January 7, 2020 and the Appellant received written notice for failure to be forthcoming in sessions, viewing pornography, engaging in sexual deviant behavior, and attending adult bookstores on a weekly basis); Sexual Offender Rule 11) Appellant may not purchase, possess or transport any pornographic or sexually explicit materials (during a cell phone search of [Appellant's] phone on 1/7/2020, State Agents were able to locate multiple pornographic movies via Netflix); and Sexual Offender Rule 13) Appellant may not frequent adult bookstores (on October 14, 2019, the Appellant was given a written notice from Triad for engaging in sexual deviant behavior, and attending adult bookstores on a weekly basis).[2]

[1] Said hearing request advised the Appellant of the committing probation violations.

[2] *See* Notice of Alleged Violations of Probation/Parole/Intermediate Punishment filed January 17, 2020.

A revocation hearing was held on February 18, 2020. The Appellant did not contest the violations. Transcript of Proceedings, Revocation hearing, page 2, February 18, 2020 (hereinafter N.T. at ____"). Nonetheless, Probation Officer (PO) Michael Russo and State Parole Agent Elizabeth Lucas were present and did offer credible testimony. PO Russo testified that the Appellant was unsuccessfully discharged from Triad Treatment for "being deceptive, struggling with viewing pornography, utilizing distortions to justify sexually deviant thoughts." N.T. at 4. The Appellant received written notice of these violations which also included Appellant entering an adult bookstore on a weekly basis. Additionally, Agent Lucas met with the Appellant and the Appellant admitted that he continues to masturbate to thoughts of children

in his mind. *Id.* The Appellant also admitted to entering adult bookstores, going into a booth, finding a pornographic movie with the youngest looking actors, and masturbating before leaving the store. Appellant was also found with a smart device that had a Netflix account. Appellant admitted that he watched a pornographic movie on Netflix, *Immor*[*al*] *Tales*.

Agent Lucas also testified that the Appellant continues to take treatment as a joke and is not amenable to treatment or supervision. N.T. at 8-9. Additional testimony revealed that the Appellant was in possession of a large knife that was on a bedside table. N.T. at 13.

Trial Court Opinion, 1/6/21, at 2-3 (emphasis in original).

Appellant contends that the film "Immoral Tales" is not pornographic and that the knife found at Appellant's house is not a weapon. Appellant's Brief at 9. However, as emphasized by the trial court, Appellant, who was represented by counsel, stipulated to violating the terms of his probation. Trial Court Opinion, 1/6/21, at 3; N.T., 2/18/20, at 2. Indeed, when Appellant's counsel was asked if she was contesting the violations, she responded: "No." N.T., 2/18/20, at 2.

The record reflects that Appellant received and acknowledged a written statement of his alleged probation violations. Notice, 1/9/20. Moreover, Appellant waived his **Gagnon I** hearing.[3] Waiver, 1/9/20. As the trial court

_____

[3] **Gagnon v. Scarpelli**, 411 U.S. 778 (1973); **see also Commonwealth v. Starr**, 234 A.3d 755, 762 (Pa. Super. 2020) (explaining when probationer is detained based on an alleged probation violation, due process requires a **Gagnon I** hearing to determine if there is probable cause that probationer committed a violation of his probation, followed by a second more comprehensive **Gagnon II** hearing wherein trial court determines whether to revoke probation).

noted, counsel confirmed at Appellant's *Gagnon II* hearing that she was not contesting the violations. N.T., 2/18/20, at 2.

We conclude that Appellant waived his issue on appeal due to his failure to raise any objection or contest his stipulation to violating his probation at the revocation hearing. *See Commonwealth v. King*, 430 A.2d 990 (Pa. Super. 1981) (citing *Commonwealth v. Collins*, 424 A.2d 1254 (Pa. 1981)) (holding that objections not raised during a counselled revocation proceeding will not be considered on appeal); *see also* Pa.R.A.P. 302(a) ("Issues not raised in lower court are waived and cannot be raised for the first time on appeal."). When a probationer agrees not to contest the alleged probation violations, he surrenders "important rights." *Commonwealth v. Bell*, 410 A.2d 843, 844 (Pa. Super. 1979). However, we note that neither at the revocation hearing, nor on appeal, does Appellant assert that this stipulation was involuntary. Thus, we conclude that Appellant failed to preserve his sole issue on appeal.

Moreover, even in the absence of the film or the knife, the testimonial evidence from the probation officer and parole agent, which the revocation court deemed credible, unequivocally established that Appellant violated the terms of his probation. Trial Court Opinion, 1/6/21, at 3. The uncontradicted testimony at Appellant's revocation hearing established that Appellant violated Sexual Offender Rule 1 (mandating sex-offender treatment) and Rule 13 (prohibiting Appellant from patronizing adult bookstores); Appellant was

unsuccessfully discharged from sex-offender treatment and masturbated to a sexually explicit video inside an adult bookstore. N.T., 2/18/20, at 5; Trial Court Opinion, 1/6/21, at 2-3. Therefore, even if Appellant had challenged the Commonwealth's assertion that the film "Immoral Tales" was pornographic and that the knife found on his bedside table was a weapon, the remaining uncontradicted evidence established that Appellant violated the terms of his probation and would have supported the revocation of his probation. **Foster**, 214 A.3d at 1250.

For the reasons set forth above, we conclude that Appellant failed to preserve the issue he presented on appeal. Assuming, *arguendo*, that Appellant had properly preserved and raised his issue on appeal, we would discern no error of law or abuse of discretion in the trial court finding Appellant violated the terms of his probation. **Smith**, 669 A.2d at 1011; **Foster**, 214 A.3d at 1250. Accordingly, we affirm Appellant's judgment of sentence.

Judgement of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 02/08/2021